MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Jonathan D. Lotsoff, admitted *pro hac vice*
jonathan.lotsoff@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:    +1.312.324.1000
Fax:   +1.312.324.1001

Attorneys for Defendant
TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
300 South Grand Avenue
Los Angeles, CA 90071-3132
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran, admitted *pro hac vice*
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:    +1.212.309.6000
Fax:   +1.212.309.6001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANT TWITTER, INC.'S OBJECTION AND REQUEST TO STRIKE PLAINTIFFS' SUR-REPLY TO MOTION TO DISMISS**<br><br>Date:  April 6, 2023<br>Time: 2:00 p.m.<br>Judge: Hon. Jon. S. Tigar |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S OBJECTION TO PLAINTIFFS'
SUR-REPLY TO MOTION TO DISMISS
CASE NO. 4:22-CV-07739-JST

**OBJECTION TO AND REQUEST TO STRIKE PLAINTIFFS' SUR-REPLY TO MOTION TO DISMISS**

Plaintiffs unilaterally filed a Sur-Reply in opposition to Twitter's Motion to Dismiss ("Sur-Reply"). *See* Dkt. No. 30 (styling the document a "Notice"). Plaintiffs' Sur-Reply is improper because they did not receive, or even request, leave of Court to file it. *See, e.g., Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, n. 5 (9th Cir. 1997) (noting the proper procedure to address issues related to reply brief is to move to file a sur-reply); *Lowenberg v. Illinois Mut. Life Ins. Co.*, No. 21-CV-09739-HSG, 2022 WL 3925298, at *1, n. 1 (N.D. Cal. Aug. 30, 2022) (sustaining defendant's objection to plaintiff's "procedurally improper sur-reply without the Court's permission" and ordering the clerk to strike the sur-reply); *Harold v. Wells Fargo Bank, N.A.*, No. 19-CV-08020-JST, 2020 WL 3867203, at *1, n. 2 (N.D. Cal. May 29, 2020) (noting the Court would not consider the plaintiffs' two sur-replies filed "without leave of court" and citing to Civil L.R. 7-3(d), which provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"); *Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2016 WL 7178559, at *1, n. 1 (N.D. Cal. Dec. 9, 2016) ("Plaintiff's sur-reply was procedurally improper: Plaintiff has no right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure, or the Court's Standing Order and Plaintiff did not obtain leave of court to file a sur-reply.").

In addition, Plaintiffs' Sur-Reply is not one of the permitted exceptions to the prohibition on filing supplemental material after a reply has been filed. *See* N.D. Cal. Civ. L.R. 7-3(d). Specifically, the Local Rules permit only two exceptions: (1) an objection to evidence submitted on reply; and (2) a notice that brings to the Court's attention "a relevant judicial opinion published after the date the opposition or reply was filed." *See* N.D. Cal. Civ. L.R. 7-3(d)(1)-(2). Plaintiffs' Sur-Reply satisfies neither exception. First, the Sur-Reply does not assert an objection. Twitter did not submit any evidence in connection with its Reply. *See* Dkt. No. 28. As a result, there is nothing to "object" to. Second, Plaintiffs' Sur-Reply does not identify or refence a judicial opinion that was issued after the date of the opposition (January 20, 2023) or the reply (February 7, 2023). *See* Sur-Reply. Accordingly, the Sur-Reply is not a proper supplemental filing.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1

TWITTER'S OBJECTION TO PLAINTIFFS'
SUR-REPLY TO MOTION TO DISMISS
CASE NO. 4:22-CV-07739-JST

Plaintiffs may contend that they simply wanted to submit the Notices of Right to Sue that they received from the EEOC and California Civil Rights Division. But the agencies issued these notices on February 22, 2023, ECF 30, and Plaintiffs did not file them until March 3, 2023—two days after Twitter filed its Reply. In any event, Plaintiffs did not only file these notices (which, for the reasons explained *supra*, would nonetheless be inappropriate). Instead, they used the occasion to submit an impermissible Sur-Reply that includes substantive arguments and case citations. *See* ECF 30. Their attempt to "sandbag" Twitter should not be rewarded. Twitter respectfully requests the Court sustain Twitter's objection and strike Plaintiffs' Sur-Reply in its entirety.

Dated: March 3, 2023                                 MORGAN, LEWIS & BOCKIUS LLP

By */s/ Brian D. Berry*
Eric Meckley
Brian D. Berry
Jonathan D. Lotsoff
Ashlee N. Cherry
Joseph A. Govea
Kassia Stephenson
Carolyn M. Corcoran
Attorneys for Defendant
TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S OBJECTION TO PLAINTIFFS'
SUR-REPLY TO MOTION TO DISMISS
CASE NO. 4:22-CV-07739-JST