LICHTEN & LISS-RIORDAN, P.C.
Shannon Liss-Riordan, Bar No. 310719
sliss@llrlaw.com
Thomas Fowler (*pro hac vice* forthcoming)
tfowler@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: +1.617.994.5800
Fax: +1.617.994.5801

Attorneys for Plaintiffs
CAROLINA BERNAL STRIFLING and
WILLOW WREN TURKAL, on behalf of
THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED


MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffss,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 4, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Judge: Hon Jon. S. Tigar |

Pursuant to the Notice Setting Case Management Conference for April 4, 2023 (Dkt. No. 13); District Judge Jon S. Tigar's Standing Order for Civil Cases; the Standing Order for All Judges of the Northern District of California; Federal Rule of Civil Procedure 26(f); and the Northern District Civil Local Rules 16-9, Plaintiffs CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL ("Plaintiffs") and Defendant TWITTER, INC. ("Defendant" or "Twitter") (collectively, the "Parties") submit the following Joint Case Management Statement.

1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and involves a dispute between citizens of different states. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the (i) aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between Plaintiffs and Defendant; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.

This Court also has jurisdiction under 29 U.S.C. section 1331 over the claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"). Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. section 1367 over the remaining and related claims under the Fair Employment and Housing Act ("FEHA").

All parties in the matter have been served.

2. **FACTS**

*Plaintiffs' statement:*

Plaintiffs contend that Twitter has engaged in unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and (for employees who worked in California) the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq*.

As Plaintiffs have alleged, Elon Musk recently purchased Twitter in late October 2022, and immediately began laying off more than half of its workforce. The decisions regarding which employees would be laid off were made under extremely hurried circumstances, and for thousands

of employees, in a period just in a few days. In selecting employees for layoff, little attention (if any) was given to employees' job performance, qualifications, experience, and abilities. Most of the employees whom Twitter laid off were notified of their layoff on November 4, 2022. Plaintiffs have alleged that the layoff decisions were made quickly by a small group of managers under close supervision by Musk. Some of these managers were brought in from other companies owned by Musk (such as Tesla), who did not have much, if any, knowledge about Twitter's operations.

Plaintiffs allege that Twitter's mass layoff affected women significantly more than men. In the midst of the layoff, the media reported on widely circulated pictures of Twitter employees before and after the layoff, raising observations about the stark contrast in the number of women who appeared to be employed at the company before and after Musk's acquisition. Spreadsheets showing which Twitter employees in the United States were retained and which were laid off on November 4, 2022, reveal that Twitter laid off approximately 57% of its female employees, while only 47% of its male employees were laid off. Dr. Mark Killingsworth, a professor in the Department of Economics at Rutgers University, performed a chi square analysis on this data and determined that the odds that this disparity between women and men being laid off was due only to chance is .00000000000001 (or, put another way, the odds were about 9.977 out of 100 trillion).

Likewise, Plaintiffs allege that this disparity cannot be explained based on a justification that Musk intended to retain more employees in engineering-related roles. Twitter's spreadsheet showed that the sex-based disparity was even starker for engineers - 63% of females in engineering-related roles were laid off on November 4, 2022, compared to 48% of males. Dr. Killingsworth determined that this disparity was also significantly significant and that the odds that this disparity being due only to chance was .00000000000001 (or, put another way, 1.103 chances out of 100 trillion). Similarly, Plaintiffs allege that there is also a great disparity in the layoff rates between women and men in non-engineering roles. The spreadsheet showing the layoffs reveals that 51% of females in non-engineering-related roles were laid off on November 4, 2022, while only 42% of males in non-engineering-related roles were laid off. According to Dr. Killingsworth, the odds that this disparity was due only to chance was .00001 (or, put another way, 2.778 chances out of 100 thousand).

The Ninth Circuit has held that "[a]n illicit motive may be inferred in a class-wide discrimination claim from a sufficient showing of disparity between the class members and comparably qualified members of the majority group." Atonio v. Wards Cove Packing Co., 810 F.2d 1477, 1480 (9th Cir. 1987) (citing Segar v. Smith, 738 F.2d 1249, 1265–66 (D.C. Cir. 1984)).

In addition to the statistical disparities that Plaintiffs have cited in their complaint, Plaintiffs have also alleged that Twitter's discriminatory conduct in the layoffs is unsurprising in light of the sexist, demeaning, and hostile comments that Elon Musk has made against women. For example, it was widely publicized that Musk joked about naming a school using the acronym "TITS"; he also joked about women's breasts on Twitter, tweeted "Testosterone rocks ng", and made clear his belief that it was more important that women have a lot of babies rather than pursuing careers.

In addition to laying off a highly statistically greater proportion of women than men in Twitter's initial layoffs, Plaintiffs allege that Musk implemented a number of policies at the company that had a disproportionate negative impact on women. Such policy change included, for example, ending Twitter's remote work policy and instead requiring that employees would be required to work at Twitter's offices and requiring that employees work an unreasonable number of hours. Musk would have known that these policy changes would have a disproportionate impact on women, who are more often caregivers for children and other family members, and thus not able to comply with such demands. Musk used these demands as a way to force more employees out of their jobs, as he sent out an email to Twitter's employees on November 17, 2022 (just two weeks after the initial layoffs), giving them until the following day to inform the company whether they agreed to work under the new conditions, which he said would require being "extremely hardcore" and "working long hours at high intensity." This ultimatum was intended as and ultimately did result in further layoffs. Approximately 36% of the remaining women left the company after this ultimatum, while approximately 28% of the remaining men did.

**Defendant's Statement:**

Plaintiffs allege disparate impact and disparate treatment claims on behalf of a sprawling nationwide class of former female Twitter employees based on the theory that statistics alone show

that Twitter laid off a disproportionate number of women as compared to men when conducting various reductions in force ("RIFs"). Plaintiffs also allege that Twitter implemented post-RIF employment policies that disproportionately impacted female employees.

Plaintiffs' theories here are pure speculation. As Twitter explained in its pending motion to dismiss Plaintiffs' claims and to strike their class claims, the Complaint does not isolate and identify a specific employment practice to challenge with a disparate impact claim. Nor does it plausibly allege causation. It offers only bottom-line statistics about the number of women laid-off in RIFS; it provides no anecdotal evidence or specific factual allegations other than that an unidentified "small group of managers" made RIF decisions "under extremely hurried circumstances, with little if any regard given to employees' job performance, qualifications, experience, and abilities." Compl. ¶¶ 19, 21. Plaintiffs' Complaint thus fails to state a prima facie case of discrimination under either the *McDonnell Douglas* or *Teamsters* frameworks. *See* Mot. and Reply (Dkt. Nos. 20, 28). Plaintiffs also lack standing to pursue discrimination claims regarding any post-RIF policies because they were not subject to those policies.

At bottom, the Complaint pleads only conclusory facts that do not warrant a substantive response under Rules 8 and 12. Because Plaintiffs' discrimination claims fail, their derivative claim pursuant to the Declaratory Judgment Act also fails because there is no viable "case or controversy" between the parties. The Court should also strike their class claims because the Complaint pleads no plausible right to pursue relief on a class-wide basis.

Twitter is an equal opportunity employer that does not discriminate on the basis of sex or any other category protected by law. Twitter denies that it discriminated against Plaintiffs on the basis of sex. Twitter denies that any alleged post-RIF policies had a disparate impact on female employees, including Plaintiffs.

3. **LEGAL ISSUES**

*Plaintiffs' Statement:*

The primary legal issues presented by Plaintiffs' lawsuit are: (1) whether Twitter violated Title VII, and for employees in California, the FEHA, by implementing mass layoff in a manner that disproportionately impacted women, and by implementing additional policies that had a

disproportionately negative impact on women; and (2) whether Plaintiffs' claims may be certified as a class action under FRCP 23.

**Defendant's Statement:**

1. Whether Plaintiffs have pleaded a plausible claim for relief or a plausible class claim under Rule 12;
2. Whether Plaintiffs' putative claims are suitable for resolution on a class basis under Rule 23;
3. Whether Twitter's yet-to-be-pleaded affirmative defenses would defeat or limit any purported liability;
4. Whether Plaintiffs and the putative class members are entitled to front- or back-pay, benefits, other economic or compensatory damages, or other equitable or monetary relief;
5. Whether Plaintiffs' allegations related to disparate impact have merit;
6. Whether Plaintiffs' allegations related to disparate treatment have merit;
7. Whether Plaintiffs' allegations related to purported violations of the Declaratory Judgment Act have merit;
8. Whether Plaintiffs and the putative class members are entitled to fees, costs, or other forms of relief.

**4.   MOTIONS**

Twitter filed a Rule 12 motion to dismiss and strike the class claims in response to the Complaint on January 26, 2023. Plaintiffs filed their Opposition to this Motion on February 17, 2023, and Twitter filed its Reply on March 1, 2023. The Court vacated the April 6, 2023 hearing date on March 27, 2023 and took the matter under submission.

**5.   AMENDMENT OF PLEADINGS**

*Plaintiffs' Statement:*

Plaintiffs have not filed any amended pleadings at this stage. Plaintiffs reserve the right to seek leave to further amend their complaint should the circumstances warrant it.

*Defendant's Statement:*

Twitter has not yet filed a responsive pleading and believes it is premature to set deadlines for the amendment of pleadings in light of its pending Rule 12 motion. If the Court is inclined to set a schedule, Twitter believes the deadline to amend pleadings should be May 31, 2023.

**6.    EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

**7.    DISCLOSURES**

The parties have yet to exchange their initial disclosures. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties have agreed to exchange initial disclosures within fourteen (14) days of the Court's rulings on Twitter's Motion to Dismiss (Dkt. 20), should the Motion be denied with respect to any of Plaintiffs' claims.

**8.    DISCOVERY**

   **a.    Discovery Taken to Date and Scope of Anticipated Discovery**

*Plaintiffs' Statement:*

Plaintiffs propose that discovery shall begin following the Court's ruling on Twitter's Motion to Dismiss (Dkt. 20), assuming this case proceeds. Plaintiffs propose that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, Plaintiffs propose that the discovery period close 60 days after the Court's denial of Plaintiffs' request for class certification.

Plaintiffs oppose Twitter's request to bifurcate discovery into class certification and merits discovery. It would be difficult to distinguish between the two and would likely raise unnecessary disputes about what discovery would be encompassed by the first stage. Plaintiffs oppose, however, discovery of putative class members, absent agreement by the parties. Plaintiffs intend to conduct written discovery and take depositions.

*Defendant's Statement:* If this case proceeds to discovery, the Parties should conduct discovery in two phases with the first phase focusing on discovery needed for a class certification motion and a second phase if any, focusing on additional merits issues.

Twitter anticipates taking discovery on all issues raised by Plaintiffs in their then-operative complaint. Twitter anticipates serving written discovery and deposing Plaintiffs, any individual who files a declaration in support of or on behalf of Plaintiffs' and their claims, and a portion of the putative class members. Twitter does not believe the Court should modify any limits on discovery in the Federal Rules of Civil Procedure at this time. If the case proceeds to discovery, Twitter anticipates the Parties will stipulate to the Northern District of California's standard protective order governing discovery.

Twitter proposes that the Court set deadlines related to discovery after it rules on any motion to certify a class.

### b. Stipulated E-Discovery Order

The Parties have not entered into a stipulated e-discovery order. If this case proceeds to discovery, Defendant agrees to enter a protective order consistent with the Northern District of California's Model Protective Order.

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

### c. Discovery Disputes

***Plaintiffs' Statement:*** Plaintiffs will work in good faith to resolve any discovery disputes amicably with Twitter but will bring those disputes to the Court's attention if they cannot be resolved. For reasons discussed in Plaintiffs' opposition to Twitter's motion to dismiss, Plaintiffs have stated plausible classwide discrimination claims and should be permitted to commence discovery.

***Defendant's Statement:*** Plaintiffs should not be allowed to commence discovery because Plaintiffs have failed to state claims on behalf of themselves or the putative class. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a Plaintiffs armed with nothing more than conclusions."). Twitter expects that resolution of Twitter's pending Motion to Dismiss will dispose of this case in its entirety. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("P]leadings must assert well-pleaded factual allegations to advance to discovery.")

Given the novel disparate impact and disparate treatment theories that Plaintiffs are pursuing, and the massive scale of Plaintiffs' putative nationwide class action, discovery should remain stayed unless and until Plaintiffs can allege plausible claims. *See, e.g., Muhmoud v. City of San Jose*, No. 5:20-CV-08808-EJD, 2022 WL 16855573, at *2 (N.D. Cal. Nov. 10, 2022) (granting stay of discovery pending resolution of dispositive motions where motions would dispose of entire case and the motions do not require any further discovery to resolve); *Onuoha v. Facebook, Inc.*, No. 5:16-CV-06440-EJD, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (granting stay of discovery until resolution of a motion to dismiss because the motion to dismiss could be decided without further discovery); *Torio v. Wells Fargo Bank, N.A.*, 5:16-cv-00704-HRL, 2016 WL 2344243, at *5 (N.D. Cal. May 4, 2016) ("Plaintiffs have cited no authority for the proposition that they are entitled to conduct any discovery before stating a viable claim for relief.").

9. **CLASS ACTIONS**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

*Plaintiffs' Statement:*

Plaintiffs intend to move for class certification, following some initial discovery. Plaintiffs are aware that numerous employees opted out of Twitter's arbitration agreement or began working for Twitter before it implemented its arbitration clause and thus do not believe that the existence of an arbitration agreement will defeat numerosity for a class action in this case. Plaintiffs may move for class certification within 90 days of the beginning of discovery.

As required by Civil L.R. 16-9(a), Plaintiffs state that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3). They will seek to certify classes consisting of all female Twitter who have lost their jobs since November 2022 (through layoffs, terminations, or constructive discharges), who are not bound by arbitration agreements.

The pertinent facts are set forth in the current complaint. Plaintiffs expect to develop and support these facts through discovery. Briefly, Plaintiffs state that they expect to satisfy Rule 23(a), based on numerosity (there are many female employees who have lost their jobs with Twitter since Elon Musk acquired the company); commonality (the claims of these employees

will raise numerous common questions of fact and law); typicality (the named Plaintiffs will have claims typical of the class); and adequacy (the named Plaintiffs and their counsel will fairly and adequately represent the class).

Plaintiffs expect to satisfy the requirements under Rule 23(b) based on similar facts, since it will clearly be superior to maintain a class action, for efficiency purposes, rather than require each of these class members to bring their own individual action, and the common questions of law and fact will predominate over any individual questions.

*Defendant's Statement:*

The Complaint should be dismissed without leave to amend. Even if Plaintiffs' Complaint did state individual claims for relief (which it does not), the Court should strike the Complaint's class claims for the reasons set forth in Defendant's Motion to Dismiss.

If the Court is inclined to set a case schedule now, Twitter believes the Court should set a deadline for Plaintiffs to file any motion for class certification by August 2024, given the scope of the class and the discovery burden it contemplates.

### 10. RELATED CASES

The Parties are not aware of any pending case related to this action.

### 11. RELIEF SOUGHT

*Plaintiffs' Statement:*

As set forth in the Complaint (Dkt. No. 1), Plaintiffs seek damages for Twitter's violations of Title VII and (for the employees who worked out of California) the FEHA, including back pay, front pay, lost benefits, bonuses and equity, emotional distress damages, punitive damages, interest, and any other recoverable damages; attorneys' fees and costs; and any and all other relief to which Plaintiffs and the putative class may be entitled.[1]

---

[1] Plaintiffs also brought a third claim under the Declaratory Judgment Act, 28 U.S.C. 2201-02, which Plaintiffs effectively prevailed on, when Twitter included a notice of this case in the severance agreements sent to laid off employees, following the plaintiffs' success on obtaining an order requiring such notice in the case of *Cornet, et al., v. Twitter, Inc.*, Civ. Act No. 3:22-cv-06857-JD (who are also represented by the undersigned counsel). *See Cornet*, Order Re Litigation Notice, Dkt. 42 (N.D. Cal. Dec. 14, 2022); Joint Response to Order Re: Notice, Dkt. 43-1 (N.D. Cal. Dec. 19, 2022).

*Defendant's Statement:*

Twitter denies that Plaintiffs and any putative class member is entitled to relief.

## 12. SETTLEMENT AND ADR

The parties have complied with ADR L.R. 3.5.

*Plaintiffs' Statement:*

The parties have not engaged in mediation or settlement discussions.

*Defendant's Statement:*

Twitter believes settlement and ADR efforts are premature at this time.

## 13. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

*Plaintiffs' Statement:*

Plaintiffs do not believe any issues can be narrowed by agreement at this time.

*Defendant's Statement:*

Twitter believes the issues in this case will be narrowed through its pending Motion to Dismiss, any future amended complaint, and any subsequent motions to dismiss.

## 15. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachments B and D.

## 16. SCHEDULING

*Plaintiffs' Statement:*

As described above, Plaintiffs propose that discovery begin immediately following the Court's ruling on Twitter's Motion to Dismiss until 60 days after either the close of the opt-out period (should the Court certify this case as a class action) or the Court's denial of class certification. Plaintiffs would plan to move for class certification within 90 days of the opening of discovery.

*Defendant's Statement:* Defendant requests that the Court defer setting deadlines until all

pleading motions, including Defendant's pending Rule 12 motion, are resolved.

### 17. TRIAL

*Plaintiffs' Statement:*

Plaintiffs request that a trial be set in this matter for early 2024.

*Defendant's Statement:*

Twitter believes it is premature to approximate the length of any trial in this action Twitter also believes the Court should address a trial schedule only after it rules on any motion to certify a class, if this case proceeds beyond the pleading stage and plaintiffs file a motion to certify a class.

### 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Plaintiffs' Statement:*

Plaintiffs will file their Certification of Interested Entities shortly. Other than the named parties, there is no such interest to report.

*Defendant's Statement:*

Twitter will file its Certification of Interested Entities or Persons prior to the conference. Twitter is not currently aware of any such entities or persons.

### PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

At this time, the Parties have not identified any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

///

///

///

///

///

| | | |
|---|---|---|
| 1 | Dated: March 28, 2023 | LICHTEN & LISS-RIORDAN, P.C. |
| 2 | | |
| 3 | | By  */s/ Shannon Liss-Riordan* |
| 4 | | Shannon Liss-Riordan<br>Thomas Fowler |
| 5 | | Attorneys for Plaintiffs<br>CAROLINA BERNAL STRIFLING and |
| 6 | | WILLOW WREN TURKAL, on behalf of<br>THEMSELVES AND ALL OTHERS |
| 7 | | SIMILARLY SITUATED |
| 8 | Dated: March 28, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| 10 | | By  */s/ Brian D. Berry* |
| 11 | | Eric Meckley<br>Brian D. Berry |
| 12 | | Attorneys for Defendant<br>TWITTER, INC. |

DB2/ 45340826.1

13

JOINT CASE MANAGEMENT STATEMENT

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

Dated: March 28, 2023                             MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Brian D. Berry*
Eric Meckley
Brian D. Berry
Attorneys for Defendant
TWITTER, INC.