MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANT TWITTER, INC.'S ADMINISTRATIVE MOTION TO SET TELEPHONIC CASE MANAGEMENT CONFERENCE RE CASE SCHEDULE IN LIGHT OF PLAINTIFFS' VIOLATION OF THIS COURT'S MAY 8, 2023 ORDER (ECF NO. 38)** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S ADMINISTRATIVE MOTION
TO SET TELEPHONIC CMC
CASE NO. 4:22-CV-07739- JST

Pursuant to Local Rule 7-11, Defendant Twitter, Inc. ("Twitter") respectfully requests that the Court set a telephonic Case Management Conference on Tuesday, June 6 at 2:00 p.m., or sooner if the Court is available, to discuss the case schedule in light of Plaintiffs' violation of the Court's May 8, 2023 Order Granting Motion to Dismiss.  ECF No. 38.

Plaintiffs Turkal and Strifling filed an original complaint on December 7, 2022, alleging individual and class claims for sex discrimination under Title VII and the FEHA.  ECF No. 1. Twitter filed a motion to dismiss the complaint on January 26, 2023.  ECF No. 20.  After the motion was fully briefed, the Court took it under submission without a hearing and then, on May 8, 2023, issued an order granting the motion with leave to amend.  ECF No. 38.  In granting Plaintiffs leave to amend their complaint, the Order explicitly stated, "Plaintiffs may file an amended complaint within twenty-one days of this order **solely to cure the deficiencies identified by this Order**."  *Id*. (Order at 16) (emphasis added).

On May 26, 2023, Plaintiffs filed their First Amended Complaint ("FAC").  ECF No. 41. The FAC goes far beyond attempting "solely to cure the deficiencies" that the Court identified. Specifically, the FAC purports to add an entirely new named Plaintiff, Sydney Frederick-Osborne, who purports to allege brand new class and collective claims for *age discrimination* under the ADEA and FEHA.  *See* ECF No. 41 (FAC ¶¶ 1, 3, 4, 7, 54, 55, 58, and Counts III and IV).  Twitter should not be required to respond to the FAC because the Court did not grant Plaintiffs leave to add a new plaintiff and entirely new substantive claims under the ADEA and FEHA for alleged age discrimination.[1]

On Monday, May 29, 2023, counsel for Twitter emailed Plaintiff's counsel to identify this violation and to request that they withdraw the FAC and file an amended FAC that complies with

---

[1] On April 13, 2023, Plaintiffs' counsel filed a separate putative class and collective action alleging age-discrimination in the matter entitled *Zeman v. Twitter, Inc., et al*., ND. Cal. Case No. 3:23-cv-01786-SI.  *Zeman* Docket, ECF No. 1. On May 12, 2023, Twitter filed a Motion to Dismiss the complaint in *Zeman*.  *Id*., ECF No. 19.   The Motion is set for hearing before Judge Illston on July 28, 2023.  *Id*., ECF No. 25.  Notably, the purported age discrimination allegations that Plaintiffs improperly added to the FAC here are the *same* as the allegations in *Zeman*.  Query why Plaintiffs' counsel is attempting to duplicate their age-based claims across two separate actions, rather than seeking to add Sydney Frederick-Osborne as an additional named plaintiff in the already-pending *Zeman* age discrimination action.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S ADMINISTRATIVE MOTION
TO SET TELEPHONIC CMC
CASE NO. 4:22-CV-07739- JST

1  the Court's order.  Declaration of Brian D. Berry, Ex. 1.  In the alternative, counsel for Twitter requested that Plaintiffs stipulate to a schedule that allows Twitter to file a motion to strike the offending allegations and sets Twitter's deadline to respond to the FAC for 21 days after the Court rules on the motion to strike.  *Id.*  As a further alternative, counsel for Twitter requested that Plaintiffs stipulate to a joint request for a telephonic CMC to discuss the case schedule in light of Plaintiffs' violation of the Court's order.  *Id.*  Plaintiffs' counsel has not responded to those proposals.

Twitter therefore respectfully requests that the Court set a telephonic CMC on June 6 at 2:00 p.m., or as soon as possible, to discuss the case schedule with the Parties.  For Twitter's part, it would like the opportunity to obtain a ruling on a motion to strike the FAC's addition of a new plaintiff and new age discrimination claims before it is required to respond to the FAC.

Dated: May 30, 2023                                    MORGAN, LEWIS & BOCKIUS LLP

By   /s/ *Brian D. Berry*
   Eric Meckley
   Brian D. Berry
   Ashlee N. Cherry
   Joseph A. Govea
   Kassia Stephenson
   Attorneys for Defendant
   TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S ADMINISTRATIVE MOTION
TO SET TELEPHONIC CMC
CASE NO. 4:22-CV-07739- JST