MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANT TWITTER, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   August 31, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Jon S. Tigar |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 31, 2023 at 2:00 p.m. or as soon thereafter as may be heard in Courtroom 6 on the 2nd Floor of the United States Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant Twitter, Inc. will, and hereby does, move this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for an order striking portions of the First Amended Complaint.

The Court should strike Sydney Frederick-Osborne as a Plaintiff in this case, along with the third and fourth causes of action for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the California Fair Employment and Housing Act, Gov. Code § 12900, *et seq.*, and all allegations related to purported age discrimination, because those amendments violate the Court's May 8, 2023 Order Granting Motion to Dismiss (ECF No. 38), which permitted Plaintiffs to amend their complaint "solely to cure the deficiencies identified" by the Court's order. Specifically, the Court should strike Frederick-Osborne from the caption, all references to her in the amended complaint, and all allegations related to purported age discrimination as they appear in paragraphs 1, 3, 4, 7, 8, 11, 13, 39, 40, 44, 46, 47, 48, 49, 54, 55, 58, and Prayer for Relief sections (b), (d), (e), and (g).

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings on file herein, the Court's May 8, 2023 Order Granting Motion to Dismiss, and such arguments and admissible evidence as may be presented at the time of hearing.

Dated: June 16, 2023                                    MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Brian D. Berry*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Joseph A. Govea
Kassia Stephenson
Attorneys for Defendant
TWITTER, INC.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

1

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL BACKGROUND ................................................................................. 1

III. ARGUMENT .................................................................................................................. 3

IV. CONCLUSION ............................................................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aikins v. S. Helena Hosp.*
  1994 WL 794759 (N.D. Cal. Apr. 4, 1994) ................................................................................ 4

*Andrew W. v. Menlo Park City School Dist.*
  2010 WL 3001216 (N.D. Cal. July 29, 2010) ........................................................................... 4

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*
  2019 WL 6327203 (N.D. Cal. Nov. 26, 2019) .......................................................................... 3

*Benton v. Baker Hughes*
  2013 WL 3353636 (C.D. Cal. June 30, 2013) .......................................................................... 4

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*
  2022 WL 19569565 (N.D. Cal. Sept. 27, 2022) ....................................................................... 3

*Cover v. Windsor Surry Co.*
  2016 WL 3421361 (N.D. Cal. June 22, 2016) .......................................................................... 3

*DeLeon v. Wells Fargo Bank, N.A.*
  2010 WL 4285006 (N.D. Cal. Oct. 22, 2010) ........................................................................... 3

*Fields v. Bank of New York Mellon*
  2017 WL 5665404 (N.D. Cal. Nov. 27, 2017) .......................................................................... 3

*Gerritsen v. Warner Bros. Ent. Inc.*
  116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................................................................................ 3, 4

*In re Asyst Techs., Inc. Derivative Litig.*
  2008 WL 4891220 (N.D. Cal. Nov. 12, 2008) .......................................................................... 4

*Jameson Beach Prop. Owners Ass'n v. United States*
  2014 WL 4925253 (E.D. Cal. Sept. 29, 2014) .......................................................................... 4

*Kennedy v. Full Tilt Poker*
  2010 WL 3984749 (C.D. Cal. Oct. 12, 2010) ........................................................................... 4

*PB Farradyne, Inc. v. Peterson*
  2006 WL 2578273 (N.D. Cal. Sept. 6, 2006) ....................................................................... 3, 4

*Peguero v. Toyota Motor Sales, USA, Inc.*
  2021 WL 2910562 (C.D. Cal. Apr. 26, 2021) ........................................................................... 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

*Raiser v. City of Los Angeles*
  2014 WL 794786 (C.D. Cal. Feb. 26, 2014) .................................................................................. 4

*Zeman v. Twitter, Inc., et al.*
  N.D. Cal. Case No. 3:23-cv-01786-SI ........................................................................................ 2

**STATUTES**

The Age Discrimination in Employment Act ................................................................................. 1

The California Fair Employment and Housing Act ....................................................................... 1

Title VII of the Civil Rights Act .................................................................................................... 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

## I.   INTRODUCTION

Plaintiffs Strifling and Turkal are former Twitter employees who allege Twitter discriminated against them and other female employees on the basis of their sex when it implemented a reduction in force on November 4, 2022.  The Court granted Twitter's Motion to Dismiss their original complaint for failure to state a sex-discrimination claim under Title VII of the Civil Rights Act of 1964 and Fair Employment and Housing Act ("FEHA").  In doing so, the Court granted Plaintiffs leave to amend their complaint "solely to cure the deficiencies identified by [the dismissal] order."  ECF No. 38.  Despite this express limitation, Plaintiffs filed an amended complaint ("FAC") that purports to add a new Plaintiff, Sydney Frederick-Osborne, and purports to assert new age-discrimination claims under the ADEA and FEHA on behalf of Frederick-Osborne and a putative class and collective of former employees age 50 or older.  The Court should strike the FAC's purported addition of Frederick-Osborne as a Plaintiff and strike the claims and allegations related to age discrimination.

## II.   PROCEDURAL BACKGROUND

On December 7, 2022, Plaintiffs Turkal and Strifling filed an original complaint in this action alleging individual and class claims for sex discrimination under Title VII and the FEHA.  ECF No. 1.  Twitter filed a motion to dismiss the complaint on January 26, 2023.  ECF No. 20.  After the parties had fully briefed the motion, the Court took it under submission without a hearing and then, on May 8, 2023, issued an order granting the motion with leave to amend.  ECF No. 38.  In granting Plaintiffs leave to amend, the Order explicitly stated, "Plaintiffs may file an amended complaint within twenty-one days of this order *solely to cure the deficiencies identified by this Order*."  *Id.* (Order at 16) (emphasis added).  On May 26, 2023, Plaintiffs filed their FAC.  ECF No. 41.  The FAC purports to add a new Plaintiff, Sydney Frederick-Osborne, who alleges new class and collective claims for age discrimination under the ADEA and FEHA.  *See* ECF No. 41 (FAC ¶¶ 1, 3, 4, 7, 54, 55, 58, and Counts III and IV).

The Court should view Plaintiffs' amendments against the background of Plaintiffs' counsel's litigation conduct in two other cases pending in the Northern District.  On November 16, 2022, three weeks before filing this action, Plaintiffs' counsel filed a separate putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739- JST

action alleging disability discrimination against Twitter in the matter entitled *Borodaenko v. Twitter, Inc.*, N.D. Cal. Case No. 3:22-cv-7226-AMO, which was assigned to Judge Gilliam. *Borodaenko* Docket, ECF No. 1.  Several months later, on April 13, 2023, Plaintiffs' counsel filed another separate putative class and collective action alleging age discrimination against Twitter in the matter entitled *Zeman v. Twitter, Inc., et al.*, N.D. Cal. Case No. 3:23-cv-01786-SI, which is pending before Judge Illston.  *Zeman* Docket, ECF No. 1.

In *Borodaneko*, Judge Gilliam granted Twitter's motion to dismiss the disability discrimination claims on May 5, 2023—one court day before this Court granted Twitter's motion to dismiss the claims in this sex discrimination action.  *Borodaenko* Docket, ECF No. 35.  A few days after Judge Gilliam granted Twitter's motion to dismiss in *Borodaenko*, he reassigned the case to Judge Martinez-Olguin.  *Id.*, ECF No. 37.  Seeing an opportunity for judge shopping, Plaintiffs' counsel filed a motion to relate *Borodaenko* (the earliest-filed case) with *Zeman* and this case.  *Id.*, ECF No. 38.  Twitter opposed the motion, explaining that the cases do not satisfy the standard for related cases under Local Rule 3-12, and that Plaintiffs' motion was a transparent exercise in gamesmanship given that Plaintiffs' counsel had repeatedly represented that the cases were not related, only to change their position immediately after Judge Gilliam reassigned *Borodaenko* and on the heels of unfavorable dismissal orders in that case and in this case.  *Id.*, ECF No. 39.

On May 23, 2023, the Court in *Borodaenko* denied the motion to relate cases. *Borodaenko* Docket, ECF No. 41.  Three days later, Plaintiffs filed their FAC in this case and purported to add a new Plaintiff with age discrimination claims that are the same as the claims in *Zeman* (*compare* ECF No. 41 *with Zeman* Docket, ECF No. 1), and they did so while Twitter's motion to dismiss in *Zeman* is pending before Judge Illston (*Zeman* Docket, ECF No. 25). Plaintiffs' counsel then filed a Motion to Consolidate the three cases on June 6, 2023 in *Borodaenko*, hoping to succeed where their motion to relate failed—by obtaining an order reassigning this case and *Zeman* to Judge Martinez-Olguin.  As explained below, however, this case does not properly include the age-discrimination claims that Plaintiffs purported to add to the FAC as an artifice to obtain judicial reassignment.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739- JST

## III. ARGUMENT

Courts routinely strike or dismiss allegations in an amended complaint that exceed the scope of an order granting leave to amend. For instance, in *Fields v. Bank of New York Mellon*, 2017 WL 5665404 (N.D. Cal. Nov. 27, 2017), this Court granted the plaintiff "leave to amend *solely* for the purpose of curing the deficiencies identified" in its dismissal order. *Id.* at *1 (emphasis in original). Despite this express limitation, the plaintiff "included in the FAC several new defendants and causes of action." *Id.* This Court did not hesitate to strike the new parties and causes of action from the amended complaint because the amendments "exceed[ed] the scope of leave to amend granted by the court." *Id.* at *3 (quoting *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015), and citing *PB Farradyne, Inc. v. Peterson*, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006) (striking allegations that were "outside the scope of the leave to amend granted" by a prior court order and denying leave to amend to include such allegations)).

Similarly, in *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, 2022 WL 19569565 (N.D. Cal. Sept. 27, 2022), this Court granted the plaintiff "[l]eave to amend solely *to cure the deficiencies* identified" in its dismissal order. *Id.* at *1 (emphasis in original). Because the plaintiff "was not given leave to amend to assert whole new theories of liability," this Court granted the defendant's motion to dismiss the new claims as beyond the scope of the prior order. *Id.* at *1-2 (citing *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."), and *Cover v. Windsor Surry Co.*, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (dismissing claim that "exceeds the scope of allowable amendment under my previous order")).

This Court's orders in *Fields* and *Celgard* are in accord with the rulings by other district courts in California. Indeed, courts do not permit plaintiffs to allege new claims when doing so exceeds the scope of an order granting leave to amend. *See, e.g., Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2019 WL 6327203, at *2 (N.D. Cal. Nov. 26, 2019) (striking plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S NOTICE OF MOTION AND
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739- JST

Sherman Act and unfair competition claims because the court granted leave to amend only to "cure the deficiencies identified" by the court's prior order); *Andrew W. v. Menlo Park City School Dist.*, 2010 WL 3001216, at *2 (N.D. Cal. July 29, 2010) (striking new claims in the amended complaint brought under the Rehabilitation Act and 42 U.S.C. § 1983 because the court granted leave to amend only to address the issues raised in the defendant's motion to dismiss the original complaint); *Benton v. Baker Hughes*, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) ("The court's order granted [plaintiff] leave to amend only to address the deficiencies in his existing causes of action identified in its order, however. It did not grant [plaintiff] leave to add new claims . . . . The addition of [plaintiff]'s new claims therefore exceeds the scope of the leave to amend granted, and it is appropriate to strike the newly added claims on this basis.") (collecting cases), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015); *Kennedy v. Full Tilt Poker*, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010) (dismissing plaintiffs' federal RICO claim because it exceeded the permissible scope of leave to amend and plaintiffs had not sought leave to add new claims); *PB Farradyne, Inc.*, 2006 WL 2578273, at *3; *Gerritsen*, 116 F. Supp. 3d at 1125.

Nor do courts permit plaintiffs to add new parties when doing so would exceed the scope of an order granting leave to amend.  *See, e.g.*, *In re Asyst Techs., Inc. Derivative Litig.*, 2008 WL 4891220, at *3 (N.D. Cal. Nov. 12, 2008) (striking new plaintiff from amended complaint because court granted plaintiffs leave to supplement their allegations related to standing but not to add a new plaintiff); *Aikins v. S. Helena Hosp.*, 1994 WL 794759, at *1 (N.D. Cal. Apr. 4, 1994) (same); *Peguero v. Toyota Motor Sales, USA, Inc.*, 2021 WL 2910562, at *13 (C.D. Cal. Apr. 26, 2021) (striking new plaintiffs from the amended complaint because the court granted plaintiffs leave only to amend deficiencies identified in the court's order); *Kennedy*, 2010 WL 3984749, at *1 (striking new defendants from plaintiffs' amended complaint because plaintiffs had not sought leave of court to add new parties, and the court granted leave only to add state law claims); *Raiser v. City of Los Angeles*, 2014 WL 794786, at *1-2 (C.D. Cal. Feb. 26, 2014) (dismissing amended complaint that added new defendant and theories of liability for exceeding the "specific, limited scope of leave"); *Jameson Beach Prop. Owners Ass'n v. United States*, 2014 WL 4925253, at *4

(E.D. Cal. Sept. 29, 2014) ("When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, . . . a plaintiff is barred from adding new claims or parties.").

Here, Plaintiffs' FAC purports to add a new Plaintiff (Frederick-Osborne) and to assert brand-new individual, class, and collective claims for age discrimination, despite the fact that the Court granted them leave "***solely*** to cure the deficiencies identified by" its prior dismissal order. ECF No. 38 (emphasis added). The Court should therefore strike the new Plaintiff and the new age-discrimination claims and allegations because they exceed the scope of Plaintiffs' leave to amend.

## IV.    CONCLUSION

For the reasons stated above, Twitter respectfully requests an order striking Plaintiff Frederick-Osborne, the individual, class, and collective claims for age discrimination, and all allegations related to purported age discrimination.

Dated: June 16, 2023
MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Brian D. Berry*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Joseph A. Govea
Kassia Stephenson
Attorneys for Defendant
TWITTER, INC.

DB2/ 45953502.5