SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Carolina Bernal Strifling,
Willow Wren Turkal, and Sydney Frederick-Osborn,
on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAROLINA BERNAL STRIFLING, WILLOW WREN TURKAL, and SYDNEY FREDERICK-OSBORN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Defendants | Case No. 22-cv-07739-JST<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TWITTER, INC.'S MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>Date:   August 31, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Jon. S. Tigar |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 1

III. ARGUMENT ................................................................................................................... 2

    A. Frederick-Osborn Was Properly Added as a Plaintiff to Address The Court's Concern That Strifling and Turkal Did Not Have Standing to Assert Sex Discrimination Claims for Twitter's Actions After November 4th ........................ 2

    B. Plaintiff's Claims for Age Discrimination Were Added to Avoid Potential Issues With Claim Splitting ................................................................................................ 3

    C. Alternatively, Judicial Economy Weighs Against Striking Plaintiffs' First Amended Complaint ................................................................................................ 4

IV. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Amparan v. Plaza Home Mortgage, Inc.*,
  2009 WL 2776486 (N.D. Cal. Aug. 28, 2009) ............................................................................. 5

*Ho v. Ernst & Young LLP*,
  2007 WL 2070216 (N.D. Cal. July 17, 2007) ............................................................................. 5

*In re Asyst Techs. Inc. Derivative Litig.*,
  2008 WL 4891220 (C.D. Cal. Nov. 12, 2008) .................................................................... 1, 4, 6

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1996) .................................................................................................... 5

*Jones v. City of Los Angeles*,
  2021 WL 6496750 (C.D. Cal. Oct. 5, 2021) ........................................................................... 4, 5

*Mendoza v. Amalgamated Transit Union Int'l*,
  30 F.4th 879 (9th Cir. 2022) ................................................................................................... 1, 3

*O'Connor v. Uber Technologies, Inc.*,
  3:13-cv-03826-EMC (N.D. Cal.) ................................................................................................ 5

*Palmer v. Stassinos*,
  236 F.R.D. 460 (N.D. Cal. 2006) ................................................................................................ 5

*Robles v. Schneider Nat'l Carriers, Inc.*,
  2017 WL 8231246 (C.D. Cal. Aug. 15, 2017) ........................................................................ 4, 5

*Smith v. County of Santa Cruz*,
  2014 WL 3615492 (N.D. Cal. Jul. 22, 2014) .......................................................................... 4, 5

*Vahora v. Valley Diagnostics Lab., Inc.*,
  2017 WL 2572440 (E.D. Cal. Jun. 14, 2017) .......................................................................... 4, 5

*Wixon v. Wyndham Resort Dev. Corp.*,
  2010 WL 424603 (N.D. Cal. Jan. 27, 2010) ............................................................................... 5

*Worldwide Travel, Inc. v. Travelmate US, Inc.*,
  2016 WL 1241026 (S.D. Cal. Mar. 30, 2016) ............................................................................ 4

ii
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TWITTER INC.'S MOTION TO STRIKE

**Rules**

Fed. R. Civ. 15 ................................................................................................................ 4, 5, 7

## I. INTRODUCTION

Defendant Twitter, Inc.[1], moves to strike portions of Plaintiffs' amended complaint which add Sydney Frederick-Osborn as an additional named plaintiff, as well as her claims for age discrimination. However, Twitter's motion lacks merit for myriad reasons. For one, contrary to Twitter's argument, Frederick-Osborn was properly added as a Plaintiff because Plaintiffs had leave to amend their Complaint to cure deficiencies identified by the Court, and her inclusion addresses the Court's concerns about Plaintiffs' lack of standing related to Twitter's post-November 4, 2022, discriminatory conduct. Moreover, because plaintiffs are generally prohibited from pursuing multiple related claims against the same defendant in separate actions, Frederick-Osborn properly included her claims for age discrimination as part of the First Amended Complaint. *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022). Finally, even if Plaintiffs' amended complaint exceeds the scope of the Court's prior leave to amend, Twitter cannot show it is prejudiced by the allegedly improper pleading, and judicial economy dictates that the amendment be allowed. *See In re Asyst Techs. Inc. Derivative Litig.*, 2008 WL 4891220, at *3 (C.D. Cal. Nov. 12, 2008) (allowing amendment to add new plaintiff who cured issues with standing). As such, Twitter's motion to strike should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2022, Plaintiffs Carolina Bernal Strifling and Willow Wren Turkal filed their original complaint challenging Twitter termination, or constructive discharge, of female employees in the wake of Elon Musk's acquisition of the Company. (*See generally* Dkt. 1.) On January 26, 2023, Twitter filed its motion to dismiss, arguing in part that Strifling and Turkal did

---

[1]   Although X Corp. has been added as an additional Defendant with successor liability for Twitter's unlawful acts, the motion to strike was only filed on behalf of Twitter, Inc.

not have standing to pursue claims for any post November 4, 2022, discriminatory conduct because they were no longer employed by the Company at that time. (Dkt. 20 at 28.) On May 8, 2023, the Court granted Twitter's motion to dismiss. (Dkt. 38.) In doing so, the Court agreed that Strifling and Turkal lacked standing to pursue any claims based on Twitter's post-November 4th discriminatory acts (Dkt. 38 at 7 n.5), but granted Plaintiffs leave to file an amended complaint curing any deficiencies identified in its order (Dkt. 38 at 16).

On May 26, 2023, Plaintiffs filed their First Amended Complaint (FAC), which added Sydney Frederick-Osborn as an additional named Plaintiff.[2] (Dkt. 41.) Unlike Strifling and Turkal, Frederick-Osborn was not terminated as part of the November 4th layoffs. Rather, she was laid off after not clicking "yes" in response to Elon Musk's November 16, 2022, Twitter 2.0 ultimatum, and therefore she was personally impacted by Twitter's post-November 4th policies. (Dkt. 41 at ¶¶ 11, 48-49.) Frederick-Osborn alleges that those policies and actions were discriminatory towards women and employees age fifty (50) and older.

### III.  ARGUMENT

#### A.  Frederick-Osborn Was Properly Added as a Plaintiff to Address The Court's Concern That Strifling and Turkal Did Not Have Standing to Assert Sex Discrimination Claims for Twitter's Actions After November 4th

Contrary to Twitter's assertion, the addition of Frederick-Osborn as a Plaintiff to this matter does not exceed the scope of the Court's order granting Plaintiffs leave to file an amended complaint. In its order granting Twitter's motion to dismiss, the Court stated that it would not consider Twitter's actions after November 4th because Strifling and Turkal were no longer employed by Twitter at the time. (Dkt. 38 at 7 n.5.) The addition of Frederick-Osborn as a

---

[2]  The FAC also added X Corp. as an additional Defendant with successor liability for Twitter's unlawful acts. (Dkt. 41 at ¶¶ 15-16.)

plaintiff addresses this issue. Specifically, Frederick-Osborn's employment was terminated by Defendants because she did not click "yes" in response to Musk's post-November 4th ultimatum regarding Twitter 2.0. (Dkt. 41 at ¶¶ 45-46, 48-49.) As such, she has standing to pursue the class-wide sex discrimination claims based on Twitter actions after November 4th, and therefore her addition as a named plaintiff cures one of the deficiencies identified by the Court in its order.

### B. Plaintiff's Claims for Age Discrimination Were Added to Avoid Potential Issues With Claim Splitting

Twitter argues that Frederick-Osborn's age discrimination claims should be stricken because Plaintiffs did not have leave to add new claims. However, the inclusion of Frederick-Osborn's age discrimination claims was necessitated by Plaintiffs' valid concerns about claim splitting. As the Ninth Circuit stated in *Mendoza*, 30 F.4th at 886, "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."

It is unsurprising that Frederick-Osborn, like many other former Twitter employees, falls into more than one protected class, and therefore has distinct but interrelated discrimination claims. However, each of her discrimination claims stems from the same operative facts, specifically, Twitter's action in terminating her, based upon her response to Musk's November 16, 2022, Twitter 2.0 ultimatum. (Dkt. 41 at ¶¶ 45-46, 48-49.) Yet, given the law on claim splitting, Frederick-Osborn was concerned that she could not pursue her sex discrimination claims in this case, while simultaneously pursuing her age discrimination claims in a separate case (whether that be an individual case, or as a named plaintiff or ADEA opt-in plaintiff in *Zeman v. Twitter, Inc., et. al.*). As such, once she was added to this matter, which as explained *supra* was done to address the standing deficiencies identified in the Court's motion to dismiss order, Frederick-Osborn's age discrimination claims likewise needed to be included.

### C. Alternatively, Judicial Economy Weighs Against Striking Plaintiffs' First Amended Complaint

Notwithstanding, should the Court agree that Plaintiffs' amended complaint exceeded the scope of the Court's prior order, Plaintiffs request that the Court still allow Frederick-Osborn and her age discrimination claims to proceed as part of this case. To that end, Fed. R. Civ. 15(a) provides that leave to amend a complaint should be freely granted when justice so requires. Relying on the liberal standard encompassed by Fed. R. Civ. P. 15(a), courts regularly choose not to strike an improperly filed pleading in the interests of judicial economy. *E.g. Jones v. City of Los Angeles*, 2021 WL 6496750, at *4-5 (C.D. Cal. Oct. 5, 2021)*, Vahora v. Valley Diagnostics Lab., Inc.*, 2017 WL 2572440, at *4 (E.D. Cal. Jun. 14, 2017); *Robles v. Schneider Nat'l Carriers, Inc.*, 2017 WL 8231246, at *7 (C.D. Cal. Aug. 15, 2017); *Worldwide Travel, Inc. v. Travelmate US, Inc.*, 2016 WL 1241026, at *6 (S.D. Cal. Mar. 30, 2016); *Smith v. County of Santa Cruz*, 2014 WL 3615492, at *11 (N.D. Cal. Jul. 22, 2014); *In re Asyst Techs. Inc. Derivative Litig.*, 2008 WL 4891220, at *3.

For example, in *In re Asyst Techs.*, 2008 WL 4891220, at *3, the court allowed a new plaintiff to be added in order to satisfy standing requirements, even though the plaintiffs' leave to amend following defendants' earlier motion to dismiss was for a limited purpose and not to add new plaintiffs. While acknowledging that the better course may have been for plaintiffs to seek leave to add the new plaintiff, the court nonetheless declined to strike the new plaintiff because the defendants could not show any prejudice by allowing the amendment. Similarly, in *Worldwide Travel*, 2016 WL 1241026, at *6, the court found that judicial economy dictated against striking new claims that were added to an amended complaint, even though the new claims went beyond the limited scope of leave that was previously granted. In reaching its conclusion, the court recognized that prejudice to the defendant was the most important factor, and that the defendant could not establish prejudice because the case was still at the motion to

dismiss stage. *Id.* (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1996)). *See also Jones*, 2021 WL 6496750, at *4-5 (allowing amendment in the interest of judicial economy and because defendant could not show prejudice); *Vahora*, 2017 WL 2572440, at *4, (finding that judicial efficiency weighed against striking the new claims that went beyond the limited permitted amendment because the case was in its infancy); *Robles*, 2017 WL 8231246, at *7 (allowing amendment to include new claim even though it exceeded the scope of prior leave granted); *Smith*. 2014 WL 3615492, at *11 (the court construed plaintiff's motion second amended complaint as a motion for leave to amend and granted it under Fed. R. Civ. P. 15(a) because defendant was not prejudiced, and plaintiff did not unduly delay in bringing the new claim).

     Here, Twitter likewise cannot show it is prejudiced by the addition of Frederick-Osborn as a plaintiff and/or the inclusion of her age discrimination claims. For one, the case remains at the motion to dismiss stage, and no discovery has been conducted to date. Thus, given the infancy of the case, Twitter will have ample opportunity to defend itself. Additionally, adding Fredrick-Osborn as a new named plaintiff is not prejudicial because courts routinely allow amendments in the context of class litigation to add new named plaintiffs. *See e.g.*, *O'Connor v. Uber Technologies, Inc.*, 3:13-cv-03826-EMC (N.D. Cal.) (Dkt. 193); *Amparan v. Plaza Home Mortgage, Inc.*, 2009 WL 2776486, *2 (N.D. Cal. Aug. 28, 2009) ("Requesting leave to amend to add new representatives in a class action lawsuit is not uncommon."); *Wixon v. Wyndham Resort Dev. Corp.*, 2010 WL 424603, *1 (N.D. Cal. Jan. 27, 2010); *Ho v. Ernst & Young LLP*, 2007 WL 2070216, *1 (N.D. Cal. July 17, 2007); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. 2006). Moreover, if the amendment adding Frederick-Osborn were to be disallowed, she would merely file a separate case (with claims overlapping this matter), which in turn would be related to this matter and would require consolidation, leading the parties right back to the same place (albeit after delay and inefficiency). Therefore, because Twitter is not prejudiced, judicial economy favors allowing the addition of Frederick-Osborn and her age discrimination claims.

The above notwithstanding, Twitter cites a number of cases which disallowed new claims and parties to be added solely because the amendment exceeded the scope of an order granting leave to amend. However, none of the cases relied upon by Twitter include the same unique circumstances presented here, namely the addition of a new plaintiff specifically to satisfy the court's stated concerns about standing and the addition of that new plaintiff's other claims to avoid issues of claim splitting.[3] As such, the cases cited by Twitter in its motion should be afforded little weight, and the better course of action is to allow the amendment.

Finally, in its motion, Twitter insinuates that Plaintiffs' counsel has engaged in gamesmanship by adding Frederick-Osborn for the sole purpose of obtaining judicial reassignment. (Dkt. 46 at 2.) Twitter's accusations are unfounded. As explained herein, the amendment to add Frederick-Osborn as a named plaintiff was necessitated by the Court's concern that Strifling and Turkal lacked standing to pursue sex discrimination claims based on Twitter's actions following November 4th, and her age discrimination claims were included to avoid issues of claim splitting. As such, Plaintiffs' amendment was not made for an improper reason, and in the interest of judicial economy, it should be allowed.

## IV.  CONCLUSION

Wherefore, for the reasons stated herein, Plaintiffs respectfully request that this Honorable Court deny Twitter's Motion to Strike Portions of the First Amended Complaint. Alternatively, Plaintiffs request that they be granted leave to file a Second Amended Complaint

---

[3]  Twitter cites to *In re Asyst Techs.*, 2008 WL 4891220, at *3, which does involve an amendment to add a plaintiff for standing purposes. However, as previously explained and contrary to Twitter's representation, *In re Asyst Techs.* actually supports Plaintiffs' position as the court declined to strike the new plaintiff.

pursuant to Fed. R. Civ. P. 15(a), adding Sydney Frederick-Osborn as an additional named Plaintiff, as well as her claims for age discrimination.

Respectfully submitted,

CAROLINA BERNAL STRIFLING, WILLOW WREN TURKAL, and SYDNEY FREDERICK-OSBORN, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:           June 30, 2023

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on Defendants' counsel via the CM/ECF system on June 30, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
