MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:  +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANT TWITTER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>Date:   August 31, 2023<br>Time:  2:00 p.m.<br>Judge: Hon. Jon S. Tigar |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................II

II. ARGUMENT ……………………………………………………………………………..1

    A. The Court Did Not Authorize the Addition of a New Plaintiff With New Claims. ........................................................................................................................ 1

    B. Plaintiffs' Authorities Do Not Vindicate Their Violation of the Court's Order ................................................................................................................... 2

    C. The Court Should View Plaintiffs' Violation of the Court's Order Through the Lens of Their Counsel's Motion to Consolidate in *Borodaenko*. ..................... 4

III. CONCLUSION ................................................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Pipe & Const. Co. v. Utah*,
  414 U.S. 538 (1974)...................................................................................................... 5

*Amparan v. Plaza Home Mortg., Inc.*,
  2009 WL 2776486 (N.D. Cal. Aug. 28, 2009)............................................................... 4

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*,
  2022 WL 19569565 (N.D. Cal. Sept. 27, 2022) ........................................................ 1, 2

*Fields v. Bank of New York Mellon*,
  2017 WL 5665404 (N.D. Cal. Nov. 27, 2017).......................................................... 1, 2

*Ho v. Ernst & Young LLP*,
  2007 WL 2070216 (N.D. Cal. July 17, 2007)................................................................ 4

*Jones v. City of Los Angeles*,
  2021 WL 6496750 (C.D. Cal. Oct. 5, 2021) .................................................................. 3

*O'Connor v. Uber Techs., Inc.*,
  3:13-cv-03826-EMC (N.D. Cal.) .................................................................................... 4

*Palmer v. Stassinos*,
  236 F.R.D. 460 (N.D. Cal. 2006) ................................................................................... 4

*Robles v. Schneider National Carriers, Inc.*,
  2017 WL 8231246 (C.D. Cal. Aug. 15, 2017) ............................................................... 3

*Smith v. County of Santa Cruz*,
  2014 WL 3615492 (N.D. Cal. July 22, 2014) ................................................................ 3

*Vahora v. Valley Diagnostics Lab'y Inc.*,
  2017 WL 2572440 (E.D. Cal. June 14, 2017)................................................................ 3

*Wixon v. Wyndham Resort Dev. Corp.*,
  2010 WL 424603 (N.D. Cal. Jan. 27, 2010) .................................................................. 4

*Worldwide Travel, Inc. v. Travelmate US, Inc.*,
  2016 WL 1241026 (S.D. Cal. Mar. 30, 2016) ............................................................... 3

**Statutes**

Age Discrimination in Employment Act......................................................................... 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

## I. INTRODUCTION

When the Court granted Twitter's motion to dismiss the original complaint, it ordered that "Plaintiffs [Strifling and Turkal] may file an amended complaint . . . solely to cure the deficiencies identified by th[e] [dismissal] order." ECF No. 38. Rather than amending **their** complaint to cure the deficiencies of **their** claims, Plaintiffs filed an amended complaint that purports to add a new Plaintiff, Frederick-Osborn, who hopes to assert sex-discrimination and age-discrimination claims that Plaintiffs Strifling and Turkal do not share and cannot assert. In their Opposition, Plaintiffs have no genuine response to the rule in this Court and in this District that a plaintiff may not make amendments that exceed the scope of an order granting leave to amend. Plaintiffs ask the Court to excuse their violation of the dismissal order and to treat their Opposition as an informal request for leave to amend under Rule 15. The Court should reject Plaintiffs' request because they have not filed a noticed motion, they cite no case in which a court has engaged the machinery of Rule 15 to excuse an unauthorized amendment that added a new plaintiff with entirely new claims, and their decision to violate the dismissal order was part of a judge-shopping strategy that Plaintiffs' counsel is also pursuing in the *Borodaenko* matter. The Court should grant Twitter's motion to strike.

## II. ARGUMENT

### A. The Court Did Not Authorize the Addition of a New Plaintiff With New Claims.

In at least two other cases, this Court rejected amendments to a complaint that exceeded the scope of the plaintiff's leave to amend where, as here, the dismissal order granted leave "solely" to cure the deficiencies that the order identified. *Fields v. Bank of New York Mellon*, 2017 WL 5665404, *2-3 (N.D. Cal. Nov. 27, 2017) (Tigar, J.) (striking new parties and causes of action because the Court granted "leave to amend '*solely*' for the purposes of curing deficiencies identified in th[e] [dismissal] order.") (emphasis in original); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, 2022 WL 19569565, *1 (N.D. Cal. Sept. 27, 2022) (Tigar, J.) (granting motion to dismiss new claims because this Court had granted leave to amend "solely *to cure the deficiencies* identified in th[e] [dismissal] order.") (emphasis in original); ECF

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

No. 38 (granting leave to amend "solely to cure the deficiencies identified by" the dismissal order).

Plaintiffs ignore *Fields* and *Celgard*. They also ignore the many other California district court cases that drew the same conclusion. *See* Mot. at 3:25-5:2 (collecting cases). Rather than responding to Twitter's authorities, Plaintiffs assert that adding a new Plaintiff, Frederick-Osborn, cured one of the defects in Plaintiffs' original complaint because, unlike Strifling and Turkal, Frederick-Osborn allegedly has standing to assert a claim arising from the Post-RIF Policy, which postdated the November 4 RIF that impacted Plaintiffs. *See* Opp. at 2:19-3:6.

Plaintiffs misread the Court's dismissal order in at least two ways. First, the order is referring to Plaintiffs Strifling and Turkal when it says, "Plaintiffs may file an amended complaint . . . ." ECF No. 38 at 16. The order does not say that Plaintiffs may file an amended complaint together with any other former Twitter employee who may want to join the case. *See id*. Second, and in any event, the addition of Frederick-Osborn does not cure the defects that the Court identified. In its dismissal order, the Court concluded that "Plaintiffs [Strifling and Turkal] were not subject to the Post-RIF Policy because they were no longer working at Twitter when it was enacted." *Id.* at 7, n.5; *see also id.* at 12, n.9 (declining to evaluate whether the Post-RIF Policy was a sufficiently specific employment practice under disparate impact law or whether the Post-RIF Policy constituted a constructive discharge because "Plaintiffs [Strifling and Turkal] were not working at Twitter when the Post-RIF Policy was enacted.") Adding a new Plaintiff who was subject to the Post-RIF Policy in no way cures Strifling's or Turkal's inability to pursue a claim based on that policy. In short, Plaintiffs' efforts to add Frederick-Osborn to the complaint—for sex-discrimination claims that Strifling and Turkal cannot state—and then to engraft Frederick-Osborn's age-discrimination class claims onto the complaint, plainly go far beyond an effort to "cure the deficiencies identified by th[e] [prior dismissal] order." *Id.* at 16.

**B.     Plaintiffs' Authorities Do Not Vindicate Their Violation of the Court's Dismissal Order.**

Plaintiffs devote the bulk of their Opposition to their "alternative" request for the Court to

1  excuse their non-compliance with the dismissal order and to retroactively grant leave for the
2  amendments.  As an initial matter, the Court should not reward Plaintiffs' violation of the Court's
3  dismissal order.  In addition, leave to amend under Rule 15 requires a "duly noticed motion," *see*
4  L.R. 7.1, and no such motion is before the Court.  The Court should not permit Plaintiff to
5  contravene the Local Rules by using their Opposition as an informal request for relief under Rule
6  15.

7  What is more, Plaintiffs' reliance on cases that declined to strike unauthorized
8  amendments is misplaced.  Indeed, Plaintiffs cite a line of cases where, unlike here, the plaintiff's
9  unauthorized amendments did not add new plaintiffs with new claims.  *See* Opp. at 4:9-15; *Jones
10 v. City of Los Angeles*, 2021 WL 6496750, at *4 (C.D. Cal. Oct. 5, 2021) (permitting plaintiff to
11 amend his own Section 1983 claim to add new supporting facts and a vicarious liability theory);
12 *Robles v. Schneider National Carriers, Inc.*, 2017 WL 8231246, at *7 (C.D. Cal. Aug. 15, 2017)
13 (observing that courts "typically strike new claims contained in an amended complaint when the
14 plaintiff did not seek leave to amend," but declining to do so where the unauthorized amendment
15 was the addition of plaintiff's own derivative claim for PAGA penalties based on the same set of
16 facts that supported his damages claims for violations of the Labor Code); *Smith v. County of
17 Santa Cruz*, 2014 WL 3615492, at *11 (N.D. Cal. July 22, 2014) (permitting plaintiff to amend
18 his complaint to assert a theory of municipal liability where "the facts underpinning [the new
19 claim] were present" in the prior complaint); *Worldwide Travel, Inc. v. Travelmate US, Inc.*, 2016
20 WL 1241026, at *6 (S.D. Cal. Mar. 30, 2016) (permitting a plaintiff to amend a complaint to
21 allege a statutory conversion claim when the original complaint already alleged a common law
22 conversion claim).[1]  Although the district court in *In re Asyst Techs. Inc. Derivative Litig.*
23 permitted the addition of a new named plaintiff with a new claim, the court explained that the
24 new plaintiff had filed his own action "after the hearing on the first motion to dismiss but before
25 the Court's. . . Order on that motion," and the new plaintiff's complaint was later consolidated

---

[1] In *Vahora v. Valley Diagnostics Lab'y Inc.*, 2017 WL 2572440, at *3 (E.D. Cal. June 14, 2017), the court technically denied the motion to strike, but it did so without prejudice and ordered the plaintiff to file a Rule 15 motion for leave to add the unauthorized amendments.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

1  with the action in which the court issued the dismissal order. 2008 WL 4891220, at *3 (N.D. Cal.
2  Nov. 12, 2008).

3  Nor do Plaintiffs get any mileage from their observation that courts may "allow
4  amendments in the context of class litigation to add new named plaintiffs." *See* Opp. at 5:12-23.
5  Plaintiffs have not filed a Rule 15 motion for leave to amend, and all of their cases arose in that
6  context. *See O'Connor v. Uber Techs., Inc.*, 3:13-cv-03826-EMC (N.D. Cal.)[2] (granting
7  plaintiffs' Rule 15 motion for leave to amend their complaint to add new class representatives
8  who could represent certain categories of Uber drivers); *Amparan v. Plaza Home Mortg., Inc.*,
9  2009 WL 2776486, at *1 (N.D. Cal. Aug. 28, 2009) (granting plaintiffs' Rule 15 motion to add
10 additional class representatives); *Wixon v. Wyndham Resort Dev. Corp.*, 2010 WL 424603, at *1-
11 2 (N.D. Cal. Jan. 27, 2010) (resolving a motion for leave to amend to cure an adequacy problem
12 after the court had granted a motion to certify a class); *Ho v. Ernst & Young LLP*, 2007 WL
13 2070216, at *1 (N.D. Cal. July 17, 2007) (granting plaintiff's Rule 15 motion for leave to join
14 additional class representatives and noting that the plaintiff "does not seek materially to alter the
15 putative class by adding the new plaintiffs"); *Palmer v. Stassinos*, 236 F.R.D. 460, 462 (N.D. Cal.
16 2006) (permitting plaintiffs to amend their complaint to add two plaintiffs who were already
17 named plaintiffs in a separate action against the defendants).

### C. The Court Should View Plaintiffs' Violation of the Court's Order Through the Lens of Their Counsel's Motion to Consolidate in *Borodaenko*.

The procedural context of Plaintiffs' unauthorized amendments to their complaint warrants attention. Plaintiffs in this case (sex discrimination) and the plaintiffs in *Borodaenko* (disability discrimination) and *Zeman* (age discrimination) are all represented by the same counsel. After this Court granted Twitter's motion to dismiss in this case and Judge Gilliam granted Twitter's motion to dismiss in *Borodaenko*, Judge Gilliam transferred *Borodaenko* to Judge Martinez-Olguin. *Borodaenko* Docket (Case No. 3:22-cv-7226-AMO), ECF No. 37. Seeing an opportunity for judge-shopping, Plaintiffs promptly filed a motion to relate this case

---

[2] The Opposition failed to request judicial notice or otherwise attach the order in *O'Connor*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

and *Zeman* to the first-filed *Borodaenko* case. *Id.*, ECF No. 38. Twitter opposed the motion, and Judge Martinez-Olguin denied it. *Id.*, ECF Nos. 39, 41. Three days later, Plaintiffs elected to forgo seeking leave to add Frederick-Osborn to this action and instead violated this Court's order by filing an amended complaint that purported to add her sex-discrimination class claim related to the Post-RIF Policy along with her age-discrimination class claims. With the unauthorized complaint on file in this action, Plaintiffs' counsel then proceeded to file a motion to consolidate in *Borodaenko*, using the purported claims by Frederick-Osborn as a basis for consolidation. *See Borodaenko* Docket, ECF No. 46 (Motion to Consolidate at 2:21-22) ("***The Strifling case has been amended to include age discrimination claims***.") (emphasis added); *id.* at 3:1 ("***The Strifling case asserts . . . age discrimination***.") (emphasis added); *Borodaenko* Docket, ECF No. 51 (Reply at 2, n.1) (asserting that *Strifling* now includes claims related to the post-RIF policies that had been dismissed in the order dismissing the original complaint); *id.* at 10:18-19 (asserting that "***Frederick-Osborn was added to the Strifling case***") (emphasis added). That litigation conduct provides yet another reason to decline Plaintiffs' request to excuse their unauthorized amendments.

Plaintiffs also assert that Frederick-Osborn had no choice but to allege her age-discrimination claims in this sex-discrimination action because she wanted to avoid claim-splitting. Opp. at 3:7-26. But even if Frederick-Osborn were properly before this Court, which she is not, she could have avoided a potential claim-splitting problem by asserting her age-discrimination claims on an individual basis. Instead, she asserted them on a class basis even though her lawyers are already pursing a nationwide ADEA class claim in *Zeman* that purports to cover her claim, *Zeman* Docket (Case No. 3:23-cv-01786-SI), ECF No. 1 (Compl. ¶¶ 1, 2, 35), which also tolls the limitations period for her individual claims. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). Thus, although counsel has used Frederick-Osborn's attempt to allege her age-discrimination claims on a class basis in this action as a reason for consolidation in *Borodaenko*, alleging a class claim was unnecessary to avoid claim-splitting.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST

### III. CONCLUSION

For the foregoing reasons, Twitter requests an order striking new Plaintiff Frederick-Osborn, the individual, class, and collective claims for age discrimination, and all allegations related to purported age discrimination.

Dated: July 7, 2023                                             MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Brian D. Berry*
    Eric Meckley
    Brian D. Berry
    Ashlee N. Cherry
    Joseph A. Govea
    Kassia Stephenson
    Attorneys for Defendant
    TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE FAC
CASE NO. 4:22-CV-07739-JST