SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Carolina Bernal Strifling,*
*Willow Wren Turkal, and Sydney Frederick-Osborne,*
*on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CAROLINA BERNAL STRIFLING, WILLOW WREN TURKAL, and SYDNEY FREDERICK-OSBORNE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Defendants | Case No. 4:22-cv-07739-JST<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs file this notice of supplemental authority to bring to the Court's attention a decision issued this week in another case alleging class discrimination claims against Twitter, *Zeman v. Twitter Inc. et al.*, Case No. 23-cv-01786-SI (N.D. Cal. Aug. 29, 2023) (attached here as Exhibit A).

In the order, Judge Illston denied Twitter's motion to dismiss the age discrimination disparate impact claims raised in *Zeman* and denied Twitter's motion to strike class allegations. The court dismissed the disparate treatment claim with leave to amend.[1]

In holding that Zeman adequately stated a claim for disparate impact, the court noted that: "Twitter's contention that plaintiff must identify the factors used by Twitter's managers is incorrect." *Id.* at 9. The court went on to explain that "Plaintiff has adequately alleged a facially neutral employment practice by alleging that employment decisions were delegated to the subjective discretion of supervisors." *Id.* at 9–10 (citing *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir. 1990)). Judge Illston further rejected Twitter's arguments "that plaintiff has failed to allege a statistically significant disparity to support his disparate impact claim," holding that "Plaintiff's allegations are enough to survive" under binding Ninth Circuit precedent. *Id.* at 10. Notably, a similar statistical analysis performed in this case showed much more stark statistical disparities between layoffs of men and women than the disparities that Judge Illston found adequate to state a claim of age discrimination in *Zeman*.

---

[1] The court indicated that the plaintiff could cure the disparate treatment allegations by amending to add allegations regarding his performance being satisfactory and that he was similarly situated to younger employees who were laid off. Such allegations are already included in this case. *See* Dkt. 41 ¶¶ 9–11 ("Throughout her employment with Twitter, Ms. Strifling's performance met the Company's expectations…. Throughout her employment with Twitter, Ms. Turkal's performance met the Company's expectations…. Throughout her employment with Twitter, Ms. Frederick-Osborne's performance met the Company's expectations."); *id.* ¶¶ 6–8, 23, 33–40, 44–55 (pleading sex and age discrimination as compared to other similarly situated coworkers).

Finally, Judge Illston rejected Twitter's arguments regarding striking the complaint's class allegations, explaining:

> "[T]he granting of motions to dismiss class allegations before discovery has commenced is rare" because "the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); *see also Thorpe v. Abbott Lab'ys, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ."). Here, the Complaint alleges that the RIF following Musk's acquisition of Twitter was a continuing event in which "some were laid of earlier and many were laid off after" November 4. Compl. ¶ 20. While the proposed class is broad and may be narrowed after discovery, to strike the class allegations now would be premature.

*Id.* at 10–11. Thus, Judge Illston rejected Twitter's attempt to limit the case at the outset only to employees who were laid off on November 4, 2023, but instead allowed Plaintiff (who was laid off that day) to proceed to discovery encompassing separations that occurred after that date as well.

Plaintiffs submit that this decision further supports their request that this Court deny Defendants' motion to dismiss this case.[2]

---

[2]  Plaintiffs had moved to consolidate all the pending cases in this district challenging Twitter's layoffs as discriminatory, including this case, *Zeman*, and *Borodaenko et al v. Twitter et al*, Case No. 22-cv-07226 (N.D. Cal.) (disability and sex discrimination).  That motion was denied, however, by the court in *Borodaenko*.  Plaintiffs submit that it is thus particularly important that the different judges overseeing these separate cases ensure consistency among the legal rulings in these cases.

Dated: August 31, 2023

Respectfully submitted,

CAROLINA BERNAL STRIFLING, WILLOW WREN TURKAL, and SYDNEY FREDERICK-OSBORNE, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system on August 31, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan