UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER INC., et al.,<br><br>Defendants. | Case No. 22-cv-07739-JST<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Re: ECF No. 46 |

Before the Court is Defendant Twitter, Inc.'s ("Twitter") motion to strike. ECF No. 46. The Court will grant the motion.

Plaintiffs Carolina Bernal Strifling and Willow Wren Turkal filed this lawsuit against Twitter on December 7, 2022, bringing claims for sex-based discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and California's Fair Employment and Housing Act ("FEHA"). *See* ECF No. 38 at 2. The Court granted Twitter's motion to dismiss the original complaint, concluding, *inter alia*, that Strifling and Turkal lacked standing to challenge a policy implemented by Twitter following a Reduction-in-Force ("Post-RIF Policy") because they were no longer employees of Twitter when the Policy was implemented. *See id.* at 7 n.5. The Court gave Plaintiffs leave to cure the deficiencies identified by the order granting the motion. ECF No. 38 at 16. The amended complaint adds X Corp. as a defendant and also adds a new plaintiff, Sydney Frederick-Osborne, who pleads new individual and class claims for age discrimination under Title VII and FEHA. *See generally* ECF No. 41. Twitter moved to strike Frederick-Osborne as a party, the age discrimination claims, and allegations corresponding to those claims. ECF No. 46 at 2. The Court took the motion under submission without a hearing on August 23,

2023.[1]

Twitter argues that the amended complaint exceeds the scope of this Court's order granting Twitter's motion to dismiss the original complaint. ECF No. 46 at 8–10. Plaintiffs argue that Frederick-Osborne was properly added to address Strifling's and Wren's lack of standing to challenge the Post-RIF Policy, that Frederick-Osborne added her age discrimination claims to avoid potential issues with claim splitting, and that judicial economy weighs against striking the amended complaint. ECF No. 47 at 6–10.

The amended complaint plainly exceeds the scope of this Court's dismissal order, which reads, "*Plaintiffs* may file an amended complaint within twenty-one days of this order *solely* to cure the deficiencies identified by this order." ECF No. 38 at 16 (emphases added). This language permits neither the addition of new parties nor the addition of new claims but rather permits Strifling and Turkal to amend their allegations in a manner sufficient to state the pleaded claims. This Court and other courts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend. *E.g.*, *Sifuentes v. Google Inc.*, No. 22-cv-03102-JCS, 2023 WL 4181267, at *8 (N.D. Cal. June 26, 2023) (striking claims "on the basis that they fall outside of the scope of the Court's order permitting [the plaintiff] to amend his complaint"); *Fields v. Bank of New York Mellon*, No. 17-cv-00272-JST, 2017 WL 5665404, at *3 (N.D. Cal. Nov. 27, 2017) (striking new defendants and new causes of action because "[t]hese additions 'exceed the scope of leave to amend granted by the court.'" (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015)); *DeLeon v. Wells Fargo Bank*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *PB Farradyne, Inc. v. Peterson*, No. C 05-3447 SI, 2006 WL 2578273, *3 (N.D. Cal. Sept.6, 2006) (striking claims and allegations that were "outside the scope of the leave to amend granted

---

[1] On September 19, 2023, at the parties' joint request, the Court stayed this action, including any decision on this motion, until January 2, 2024. ECF No. 55. On January 2, 2024, the parties filed a status report in which they requested the Court to lift the stay and decide the instant motion. ECF No. 56.

in the [order granting motion to dismiss]"); *Aikins v. St. Helena Hosp.*, No. C 93-3933 FMS, 1994 WL 794759, at *2 (N.D. Cal. Apr. 4, 1994) (dismissing new plaintiff where the "plaintiffs were given leave to amend their complaint to supplement their allegations," the plaintiffs "did not request leave to name a new plaintiff, and the Court's order cannot be reasonably construed as having granted plaintiffs such leave"); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Res. Inst.*, No. 19-cv-05784-JST, 2022 WL 19569565, *1 (N.D. Cal. Sept. 27, 2022) (dismissing "newly-pled . . . claim" that "exceed[ed]" scope of dismissal order granting the plaintiff "[l]eave to amend solely to cure the deficiencies identified in this order." (emphasis and internal quotation marks omitted)); *accord Benton v. Baker Hughes*, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) ("The addition of [the plaintiff's] new claims . . . exceeds the scope of the leave to amend granted, and it is appropriate to strike the newly added claims on this basis"), *aff'd sub. nom.*, *Bneton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015); *Peguero v. Toyota Motor Sales, USA, Inc.*, No. 2:20-cv-05889-VAP (ADSx), 2021 WL 2910562, at *5 (C.D. Cal. Apr. 26, 2021) ("Plaintiff's addition of three new parties and seven new claims exceeds the scope of the leave to amend the Court granted . . . . The Court finds it appropriate to strike the newly added parties and claims on this basis." (collecting cases)); *Jameson Beach Prop. Owners Ass'n v. United States*, 2014 WL 4925253, at *4 (E.D. Cal. Sept. 29, 2014) ("When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from adding new claims or parties.").

Plaintiffs' arguments to the contrary are unpersuasive. The deficiency this Court identified in its order was that Strifling and Turkal lacked standing to challenge the Post-RIF Policy. The addition of Frederick-Osborne may supply a plaintiff that has standing to challenge the Policy, but it has no bearing on Strifling's or Turkal's standing. As to Frederick-Osborne's concerns about claim splitting, such concerns are legally irrelevant to the question of whether the amended complaint exceeds the scope of this Court's order, and Plaintiffs have identified no authority to the contrary. Regardless, Frederick-Osborne could have mitigated these concerns had Strifling and Turkal moved for leave to amend pursuant to Federal Rule of Civil Procedure 15, but they did not.

Plaintiffs' remaining argument regarding judicial economy is, in substance, a request for

3

leave to amend pursuant to Federal Rule of Civil Procedure 15. Plaintiffs first cite and discuss a handful of cases where courts have chosen not to strike or dismiss an improperly filed pleading. ECF No. 47 at 8. Most of these cases are readily distinguishable. In *Jones v. City of Los Angeles*, No. 2:20-cv-11502-VAP-(JCx), 2021 WL 6496750, at *4–5 (C.D. Cal. Oct. 5, 2021), the court permitted the amendment of an existing claim under 42 U.S.C. § 1983 to add a theory of liability and new facts supporting that claim. In *Robles v. Schneider Nat'l Carriers, Inc.*, No. EDCV 16-2482 JGB (KKx), 2017 WL 8231246, at *7 (C.D. Cal. Aug. 15, 2017), the court permitted the addition of a derivate claim for penalties under the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*, based on the same facts as the plaintiff's individual Labor Code claims and because Plaintiff "could not include a PAGA claim in his original complaint because he was still waiting to hear back from the Labor and Workforce Development Agency regarding his claim." And in *Smith v. County of Santa Cruz*, No. 13-cv-00595 LHK, 2014 WL 3615492, at *11 (N.D. Cal. Jul. 22, 2014), the court permitted the plaintiff to add a claim for *Monell* liability where "the facts underpinning the *Monell* cause of action were present" in the prior complaint. None of the new claims or allegations in the instant complaint, which concern age discrimination, has a basis in the original complaint, which concerns sex-based discrimination.

The remaining cases are relevant, but the Court declines to follow them. In *Worldwide Travel, Inc. v. Travelmate US, Inc*., No. 14-cv-00155-BAS(DHB), 2016 WL 1241026, at *6 (S.D. Cal. Mar. 30, 2016), the court construed an opposition to a motion dismiss as a motion for leave to amend "in the interest of judicial economy, and because the issue was briefed by the parties." In *Vahora v. Valley Diagnostics Lab'y Inc.*, No. 1:16-cv-01624-SKO, 2017 WL 2572440, at *3 (E.D. Cal. June 14, 2017), the court denied the motion to strike without prejudice to "provide Plaintiff an opportunity to demonstrate that amendment is appropriate under Federal Rule of Civil Procedure 15(a)." Both of these cases concerned rulings on motions to dismiss where the argument as to the sufficiency of the claims were already fully briefed. And regardless of the procedural posture, this approach is contrary to the overwhelming authority in this district and the other California federal districts. In the final case, *In re Asyst Techs., Inc. Derivative Litig.*, No. C-06-04669 EDL, 2008 WL 4891220 (N.D. Cal. Nov. 12, 2008), the court declined to strike a plaintiff, reasoning that

"although the better course would have been for Plaintiffs to seek to add [the new plaintiff] through Rule 15, the Court declines to strike [him] on this basis because it would give leave to amend and add him." This approach is also inconsistent with the majority of the caselaw.

Plaintiffs otherwise argue that courts "routinely allow amendments in the context of class litigation to add new named plaintiffs." ECF No. 47 at 9 (collecting cases). But these cases concerned instances where plaintiffs separately moved to amend their complaints pursuant to Federal Rule of Civil Procedure 15. Plaintiffs have not so moved, and the Court declines to construe Plaintiffs' opposition to the motion to strike as a motion for leave to amend. *See* Civ. L.R. 7-1(a).

For these reasons, Plaintiff's motion is granted. Frederick-Osborne, claims three and four, and the corresponding allegations of age-based discrimination are hereby stricken from the amended complaint. X Corp. is not stricken because Twitter did not make that request in its motion.

**IT IS SO ORDERED.**

Dated: January 4, 2024



JON S. TIGAR
United States District Judge

5