SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Carolina Bernal Strifling and Willow Wren Turkal, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC. <br><br> Defendant | Case No. 4:22-cv-07739-JST <br><br> **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs submit this Notice of Supplemental Authority in order to bring to the Court's attention a recent decision in Zeman v. Twitter, Inc. et al., Civ. Act. No. 3:23-cv-01786-SI, Order Denying Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 62 (N.D. Cal. Apr. 18, 2024) (attached as Exhibit A). In that case, the plaintiff brought an age discrimination claim against Twitter under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. § 296. In her well-reasoned decision, Judge Illston denied Twitter's motion to dismiss Plaintiff's First Amended Complaint on a disparate treatment theory. See Zeman, at pp. 4-9 (Exhibit A).

Notably, Judge Illston had dismissed the disparate treatment claim in the original Zeman complaint largely relying on this Court's Order (Dkt. 38) dismissing Plaintiffs' Complaint. Judge Illston reasoned that "plaintiff [had] not pled that his performance was satisfactory or that the younger employees who were retained were similarly situated to the older employees who were laid off." Zeman v. Twitter, Inc., 2023 WL 5599609, at *3 (N.D. Cal. Aug. 29, 2023). Plaintiff Zeman then submitted an amended complaint that contained allegations regarding his performance that largely mirror the allegations included in Plaintiffs' Second Amended Complaint (Dkt. 61) in this matter that Twitter now challenges. Like in this case, Twitter argued in Zeman that the plaintiff's performance allegations were too cursory. See Zeman, at p. 5 (Exhibit A). Judge Illston rejected Twitter's argument, relying on the Ninth Circuit in Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049-50 (9th Cir. 2012). See Zeman, at pp. 5-9.

Respectfully submitted,

CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:           April 19, 2024

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system on April 19, 2024.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan