MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE
MOTION
CASE NO. 4:22-CV-07739-JST

Pursuant to Civil Local Rule 79-5(f)(3), Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("Defendant" or "X Corp."), submits this response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Motion for Class Certification and Accompanying Exhibits.  ECF No. 108.  As explained below, Defendant satisfies both the "good cause" and "compelling reasons" standards for sealing portions of Exhibits 1, 2, 25, and 28, and for sealing Exhibits 31-35 in their entirety, along with any portions of Plaintiffs' Motion for Class Certification referencing the substance of these Exhibits.

## I.    LEGAL STANDARD

A District Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'"  *In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (quoting Fed. R. Civ. P. 26(c)(1)(G)).  Under Ninth Circuit law, the sealing of records for non-dispositive motions requires a showing of "good cause," while the sealing of records for dispositive motions requires a showing of "compelling reasons."  *See, e.g., Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  The Ninth Circuit has yet to decide whether a motion for class certification is a dispositive or non-dispositive motion, and courts within the Northern District of California are split on this question.  *Compare In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (N.D. Cal. June 8, 2015) (finding that motions for class certification are generally considered non-dispositive and applying the good cause standard), *with Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (applying the "compelling reasons" standard to grant a motion to seal exhibits filed in support of a motion for class certification).

The Court should apply the "good cause" standard here because Plaintiffs' class certification motion is only tangentially to the merits of his case.  *See, e.g.*, *Rodriguez v. Google LLC*, 2024 WL 42537, at *1 (N.D. Cal. Jan. 3, 2024) ("Districts in the Ninth Circuit generally treat motions for class certification as non-dispositive."); *Parducci v. AMCO Ins. Co.*, 2021 WL 5908379, at *16 (N.D. Cal. Dec. 14, 2021) ("Parducci's first motion to seal was filed with his motion for class certification. Because this motion is at most tangentially related to the underlying cause of action, the good cause standard applies."); *In re High-Tech Emp. Antitrust*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST

1    *Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs'

2    Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only

3    demonstrate 'good cause' in order to support their requests to seal."). Indeed, the information X

4    seeks to seal has no relevance to the Motion. *See* ECF No. 106. In any event, sealing is warranted

5    under either the "good cause" or "compelling reasons" standard.

6    **II.    ARGUMENT**

7        **1.    The Court Should Seal the Sensitive Business Information.**

8        Defendant has both good cause and compelling reasons to seal the portions of Exhibits 1,

9    2, 25, and 28 that contain confidential financial information related to Defendant's labor costs as

10   well as information regarding competitively sensitive business strategies and planning. *See*

11   *generally* Declaration of Walter Gilbert ("Gilbert Decl."):

12   • Exhibits 1 and 2 (ECF 108-1, ECF 108-2) include details regarding the costs of salaries,

13   commissions, benefits, and equity vesting for a proposed list of employees to be terminated in

14   connection with X's November 4, 2022, RIF. Gilbert Decl. ¶¶ 6-7.

15   • Exhibit 25 (ECF 108-25) includes testimony from Julianna Hayes regarding the cost of

16   equity vesting and severance. *Id*. at ¶ 8.

17   • Exhibit 28 (ECF 108-28) includes testimony from Ross Nordeen about an email chain that

18   contains information regarding competitively sensitive staffing figures and planning. *Id*. at ¶ 9.

19       Exhibits 1, 2, 25, and 28 contain precisely the type of sensitive information that, if

20   published, could cause "unfair advantage and irreparably harm [d]efendant" because it could be

21   used by a competitor to gain competitive advantage. Gilbert Decl. ¶ 10. Exhibit 1 was already

22   sealed in the *Zeman v. Twitter, Inc., et al*. matter, and Exhibits 2, 25, and 28 contain the same type

23   of sensitive information that Jude Ilston deemed appropriate for sealing in *Zeman*. *See Zeman v.*

24   *Twitter, Inc.*, 747 F. Supp. 3d 1275, 1289 (N.D. Cal. 2024). The Court should therefore maintain

25   them under seal. *See, e.g., Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8,

26   2013) (sealing credit policies); *U.S. Bank NA*, 2013 WL 5965637, at *10 (finding good cause to

27   seal an "internal policy and guideline unique to [d]efendant and not public knowledge" because, if

28   made public, the document "could provide competitors with an unfair advantage and irreparably

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3        DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST

1    harm [d]efendant in terms of lost competitive advantage" (alterations and citation omitted)).

2         Courts also routinely seal this type of information under the "compelling reasons" standard

3    that applies to dispositive motions. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL

4    95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal

5    information that, if published, may harm [defendant] or third parties' competitive standing and

6    divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees

7    with the parties that compelling reasons exist to seal this information."); *Baird v. BlackRock*

8    *Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. Sept. 3, 2019) (recognizing "[c]ourts

9    have found that 'confidential business information' in the form of . . . ***financial terms***, details of

10   confidential licensing negotiations, and ***business strategies*** satisfies the compelling reasons

11   standard" (internal quotations omitted)) (emphasis added); *Milliner v. Bock Evans Fin. Counsel,*

12   *Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly

13   negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *In*

14   *re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing lower court's failure to seal

15   financial terms of 2006 licensing agreement because court has power to insure records are not used

16   "as source of business information that might harm a litigant's competitive strategy"); *Optronic*

17   *Technologies, Inc. v. Ningbo Sunny Elec. Co., Ltd.,* 2018 WL 6592784, *3-4 (N.D. Cal. Dec. 14,

18   2018) (sealing email chain that discloses pricing details and "reveals business . . . strategies," which,

19   "if disclosed, could cause [] competitive harm," and where also email's "contents (as opposed to

20   the date of its production) are not particularly pertinent to the matters raised in Orion's motion").

21        **2.    The Court Should Seal the Confidential Third-Party Arbitration Awards**

22        Defendant has good cause and compelling reasons to seal <u>Exhibits 31, 32, 33, 34, and 35</u>

23   (ECF 108-31, ECF 108-32, ECF 108-33, ECF 108-34, ECF 108-35) in their entirety because they

24   are confidential (and irrelevant) third-party arbitration awards.[1]   The Federal Arbitration Act

25   "reflects the overarching principle that arbitration is a matter of contract," and courts must

26   "rigorously enforce" arbitration agreements according to their terms. *Am. Express Co. v. Italian*

27   *Colors Rest.*, 570 U.S. 228, 233 (2013).   In accordance with these principles, courts frequently

28
_____
[1] Defendant is separately moving to strike Exhibits 31 through 35.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

4

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST

1   decline to invalidate confidentiality provisions within arbitration agreements because

2   "confidentiality is a paradigmatic aspect of arbitration" that should not be disregarded lightly.

3   *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008); *see also Callahan v. Paychex N. Am. Inc.*,

4   No. 21-CV-05670-CRB, 2022 WL 11902205, at *7 (N.D. Cal. Oct. 20, 2022) (explaining that

5   finding a standard confidentiality provision in an arbitration agreement to be substantively

6   unconscionable would run afoul of the FAA); *see also Prasad v. Pinnacle Prop. Mgmt. Servs.,*

7   *LLC*, No. 17-CV-02794-VKD, 2018 WL 4599645, at *9 (N.D. Cal. Sept. 25, 2018) (confidentiality

8   clause that covered "all aspects" of the arbitration except where "otherwise disallowed by statute"

9   or "agree[d] in writing" by the parties was not substantively unconscionable).

10       If arbitration claimants or their counsel were free to publicly disclose arbitration awards,

11  arbitration would lose its characteristic "simplicity, informality, and expedition" because parties

12  would insist on trial-like protections to safeguard against the detrimental use of arbitration decisions

13  in other actions. *Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 175-76 (5th

14  Cir. 2004) ("If every arbitration were required to produce a publicly available, 'precedential'

15  decision on par with a judicial decision, one would expect that parties contemplating arbitration

16  would demand discovery similar to that permitted under Rule 26, adherence to formal rules of

17  evidence, more extensive appellate review, and so forth[.]"); *see also Grp. Health Plan, Inc. v. BJC*

18  *Health Sys., Inc.*, 30 S.W.3d 198, 203-04 (Mo. Ct. App. 2000) ("Few parties would be willing to

19  submit confidential materials to an arbitrator knowing that those materials could then be freely

20  discovered in future unrelated proceedings regardless of any actions taken to ensure

21  confidentiality."). Accordingly, there is an "important policy interest . . . in protecting the

22  expectations of confidentiality belonging to parties who have chosen an alternative means of

23  dispute resolution." *See Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005

24  WL 1522783, at *3 (E.D.N.Y. June 28, 2005); *see also In re IBM Arbitration Agreement Litig.*, 76

25  F.4th at 86 (recognizing "the FAA's strong policy protecting the confidentiality of arbitral

26  proceedings").

27       Courts within the Ninth Circuit have found that where an arbitration award is subject to a

28  confidentiality agreement, there is both "good cause" *and* a "compelling reason" to seal the

5

arbitration awards. *See Zitan Techs., LLC v. Liang Yu*, No. 318CV00395RJCWGC, 2021 WL 3024284, at n.2 (D. Nev. July 16, 2021) ("Furthermore, their confidentiality agreement notes that any arbitration award would remain confidential. The Court finds these reasons 'compelling' and therefore finds 'good cause' to grant these motions."); *see also Simon v. Maple Beach Ventures LLC*, 2021 WL 1822958, at *2 (N.D. Cal. Marc. 12, 2021) (finding good cause to seal portions of an arbitration award in part based on argument that "the parties chose arbitration as a dispute resolution mechanism precisely because they wanted the terms and conditions of their agreements, as well as facts and circumstances related to any disputes, to be kept confidential" and denial of motion to seal "would undermine the parties' decision to choose arbitration as a method of dispute resolution"). Moreover, courts in this District have found a "compelling reason" to seal arbitration awards when they have determined that they were filed for an improper purpose. *Strong v. Cashbet Alderney Ltd.*, No. 23-CV-02081-JSC, 2023 WL 6629812, at *5 (N.D. Cal. Oct. 11, 2023) (citing *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)) ("Sealing of court records is warranted when such court files might … become a vehicle for improper purposes.") (internal quotations omitted). Indeed, in *Strong*, the court sealed a confidential arbitration award in its entirety after determining that a petition to compel arbitration "was filed merely as a vehicle for Petition to attempt to make the Arbitration award public." *Id.* at *5.

Here, the Court has good cause and compelling reasons to seal the arbitration awards because they are subject to contractual confidentiality protections. The awards arise from arbitrations conducted pursuant to Dispute Resolution Agreements, which state that, "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties." Gilbert Decl., ¶ 11, Exs. 1-6. Yet Plaintiffs decided to unilaterally file them in this case anyway in contravention of the DRA and the federal policy of protecting the confidentiality of arbitrations.

As Defendant will explain at greater length in its forthcoming motion to strike the arbitration awards, there is strong reason to conclude that Plaintiffs filed the awards for an improper purpose. Indeed, Plaintiffs' Counsel has a long history of the same misconduct. In a slate of cases against

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST

IBM, the Second Circuit recognized that Plaintiffs' Counsel attempted to use the court's docket to "launder" the confidentiality of arbitration awards, and it condemned the practice. *See, e.g.,* *Stafford v. International Business Machines Corporation*, 78 F.4th 62, 66, 71 (2d Cir. 2023) (Counsel's intention to use the arbitration award (if unsealed) in the litigation of similar claims against the defendant in lawsuits by other plaintiff-employees was an "improper effort" to "evade the confidentiality provision to which [the petitioner] agreed in [the] arbitration agreement" and was "a strong countervailing consideration against unsealing."); *In re IBM Arbitration Agreement Litigation*, 76 F.4th 74, 85 (2d Cir. 2023) ("The district court correctly observed that allowing unsealing under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings. [Citation] Plaintiffs' counsel may not end-run the Confidentiality Provision by filing protected materials and then invoking the presumption of access to judicial documents. The district court correctly sealed the documents.").[2]   When Plaintiffs' Counsel deployed the same tactic in a case against a different company, the Second Circuit again condemned it. *Billie v. Coverall N. Am., Inc.*, No. 23-672-CV, 2024 WL 4380618, at *3 (2d Cir. Oct. 3, 2024).

More recently, Plaintiffs' Counsel filed confidential third-party arbitration awards in the *Cornet* case against Defendant X Corp.  In response, the District Court of Delaware said it was "concerned by a trend . . . in which Plaintiffs' counsel has repeatedly attempted to docket and unseal arbitration awards in unrelated cases in the Second Circuit," and it proceeded to strike the confidential third-party arbitration awards as irrelevant. *Cornet v. Twitter, Inc.*, 2025 WL 1158350, at *2 (D. Del. Apr. 18, 2025).

Despite these repeated admonitions, Plaintiffs' Counsel persists in her transparent efforts at confidentiality laundering.   This improper purpose further supports sealing the awards here.

## III.   CONCLUSION

For these reasons, the Court should maintain under seal portions of Exhibits 1, 2, 25, 28 and the entirety of the arbitration awards at Exhibits 31-35, along with any portions of Plaintiffs' Motion

---

[2] *See also Chandler v. IBM Corp.*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023); *Lodi v. IBM Corp.*, 2023 WL 4983125 (2d Cir. Aug. 4, 2023); *Tavenner v. IBM Corp.*, 2023 WL 4984758 (2d Cir. Aug. 4, 2023).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST

1    for Class Certification referencing the substance of these Exhibits identified in this Motion and the

2    Gilbert Declaration.  With the Court's permission, Defendant will file more narrowly redacted

3    copies of Exhibits 1, 2, 25, and 28 (as well as the relevant portions of Plaintiffs' Motion for Class

4    Certification) that redact only the sensitive business information identified in this motion to seal

5    and the supporting Gilbert Declaration.  Defendant seeks to seal Exhibits 31 through 35 in their

6    entirety.

7

8    Dated: May 5, 2025                              MORGAN, LEWIS & BOCKIUS LLP

9                                                    By  /s/ Eric Meckley
                                                        Eric Meckley
10                                                       Brian D. Berry
                                                        Ashlee N. Cherry
11                                                      Attorneys for Defendant
                                                        X CORP. AS SUCCESSOR IN INTEREST TO
12                                                      TWITTER, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 4:22-CV-07739-JST