MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA BERNAL STRIFLING and WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Defendants | Case No. 4:22-cv-07739-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE CONFIDENTIAL ARBITRATION AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 3, 2025<br>Time: 2:00 PM<br>Judge: Hon. Jon. S. Tigar |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 3, 2025 at 2:00 PM, or as soon thereafter as may be heard in Courtroom 6 on the Second Floor of the United States Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant X Corp., successor in interest to Defendant Twitter, Inc. ("X Corp.") will, and hereby does, move this Court to exercise its inherent authority to strike the confidential arbitration awards submitted in support of Plaintiffs' Motion for Class Certification (ECF 108-18 through 108-22) as well as any references to the confidential arbitration awards contained within Plaintiffs' brief in support of their Motion (ECF 106). This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Walter Gilbert, and the Court's record on file herein, and on such other and further argument and evidence as may be presented at or before the Court takes this motion under submission.

Dated: May 5, 2025                             MORGAN, LEWIS & BOCKIUS LLP

                                               By  /s/ *Eric Meckley*
                                                   Eric Meckley
                                                   Brian D. Berry
                                                   Ashlee N. Cherry

                                                   *Attorneys for Defendants*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A.  The Confidential Awards Are Irrelevant to Plaintiffs' Motion............................... 3

    B.  Plaintiffs' Submissions Violate the Confidentiality Provisions of the DRA. .......... 5

    C.  Plaintiffs' Submissions Are a Pretextual Attempt to Nullify the Confidentiality of the Awards. ................................................................................ 8

V.  CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
 570 U.S. 228 (2013) .................................................................................................................. 7

*Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*,
 249 U.S. 134 (1919) ................................................................................................................ 11

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011) .................................................................................................................. 5

*Billie v. Coverall N. Am., Inc.*,
 2024 WL 4380618 (2d Cir. Oct. 3, 2024) ........................................................................ 1, 9, 10

*In re Bofi Holdings, Inc. Sec. Litig.*,
 2021 WL 5579222 (S.D. Cal. Nov. 30, 2021) .......................................................................... 3

*Burt Hill, Inc. v. Hassan*,
 2010 WL 419433 (W.D. Pa. Jan. 29, 2010) .............................................................................. 6

*Cahill v. Insider, Inc.*,
 131 F.4th 922 (9th Cir. 2025) .............................................................................................. 3, 11

*Travelers Prop. Cas. Co. of Am. v. Bobrick Washroom Equipment, Inc.*,
 2021 WL 6072707 (M.D. Pa. Dec. 23, 2021) ........................................................................... 6

*Chandler v. IBM Corp.*,
 2023 WL 4987407 (2d Cir. Aug. 4, 2023) ............................................................................ 1, 9

*Clear Blue Insurance Co. v. Amigo MGA, LLC*,
 2020 WL 7699846 (W.D.N.C. Dec. 28, 2020) ......................................................................... 6

*Cornet v. Twitter, Inc.*,
 2025 WL 1158350 (D. Del. Apr. 18, 2025) ......................................................................*passim*

*Dietz v. Bouldin*,
 579 U.S. 40 (2016). ............................................................................................................... 3, 5

*Fayemi v. Hambrecht & Quist, Inc.*,
 174 F.R.D. 319 (S.D.N.Y. 1997) ............................................................................................... 5

*Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*,
 2005 WL 1522783 (E.D.N.Y. June 28, 2005) .......................................................................... 7

*Garcia v. Serv. Employees Int'l Union*,
 2019 WL 8750273 (D. Nev. May 23, 2019) ............................................................................. 4

ii   DEFENDANT'S NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-cv-07739-JST

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Guyden v. Aetna, Inc.*,
  544 F.3d 376 (2d Cir. 2008) .............................................................................................. 7

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*,
  397 F.3d 1217 (9th Cir. 2005) .......................................................................................... 3

*Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*,
  379 F.3d 159 (5th Cir. 2004) ............................................................................................ 7

*In re IBM Arbitration Agreement Litig.*,
  76 F.4th 74 (2d Cir. 2023) ...................................................................................... 1, 8, 9

*ITT Educational Services, Inc. v. Arce*,
  533 F.3d 342 (5th Cir. 2008) ............................................................................................ 8

*Jones v. Riot Hospitality Grp., LLC*,
  2020 WL 13606962 (D. Ariz. Nov. 9, 2020) ................................................................... 4

*Link v. Wabash Ry. Co.*,
  370 U.S. 626 (1962) ......................................................................................................... 3

*Lodi v. IBM Corp.*,
  2023 WL 4983125 (2d Cir. Aug. 4, 2023) ................................................................... 1, 9

*Lynn v. Gateway Unified Sch. Dist.*,
  2011 WL 6260362 (E.D. Cal. Dec. 15, 2011) .................................................................. 5

*Radiant Systems, Inc. v. American Scheduling, Inc.*,
  2005 WL 1586566 (N.D. Tex. July 1, 2005), *vacated in part on other grounds*,
  2005 WL 2105953 (N.D. Tex. Aug. 31, 2005) ................................................................. 6

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
  627 F.3d 402 (9th Cir. 2010) ........................................................................................ 3, 6

*Richards v. Jain*,
  168 F. Supp. 2d 1195 (W.D. Wash. 2001) ....................................................................... 6

*In re Shell Oil Refinery*,
  143 F.R.D. 105 (E.D. La. 1992) ....................................................................................... 5

*Simon v. Maple Beach Ventures LLC*,
  2021 WL 1822958 (N.D. Cal. Marc. 12, 2021) ................................................................ 7

*Stafford v. IBM Corp.*,
  78 F.4th 62 (2d Cir. 2023) .................................................................................. 1, 8, 9, 11

*Tavenner v. IBM Corp.*,
  2023 WL 4984758 (2d Cir. Aug. 4, 2023) ................................................................... 1, 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS THE SAC
CASE NO. 4:22-cv-07739- JST

*Zitan Techs., LLC v. Liang Yu*,
    2021 WL 3024284 (D. Nev. July 16, 2021) .................................................................................. 7

**Other Authorities**

Federal Rule of Civil Procedure 23 ........................................................................................... 1, 4

Federal Rule of Civil Procedure 26 ............................................................................................... 7

Federal Rule of Civil Procedure 37 ............................................................................................... 6

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

iv

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS THE SAC
CASE NO. 4:22-cv-07739- JST

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Court should strike the confidential third-party arbitration awards ("Confidential Awards") that Plaintiffs improperly attach to their Motion for Class Certification ("Motion"). Courts have repeatedly admonished Plaintiffs' Counsel to stop the practice—on full display here—of pretextually filing irrelevant confidential arbitration awards in a bid to nullify their confidential status by seeking to convert them into "judicial documents." In a slate of cases against IBM, the Second Circuit recognized that Plaintiffs' Counsel attempted to use the court's docket to "launder" the confidentiality of arbitration awards, and it condemned the practice. *Stafford v. IBM Corp.*, 78 F.4th 62, 66 (2d Cir. 2023).[1] When Plaintiffs' Counsel deployed this tactic in a case against a different company, the Second Circuit again condemned it. *Billie v. Coverall N. Am., Inc.*, 2024 WL 4380618, at *3 (2d Cir. Oct. 3, 2024). More recently, Plaintiffs' Counsel filed confidential third-party arbitration awards in the *Cornet* case against Defendant X Corp. In response, the District Court of Delaware said it was "concerned by a trend . . . in which Plaintiffs' counsel has repeatedly attempted to docket and unseal arbitration awards in unrelated cases in the Second Circuit," and it proceeded to strike the confidential third-party arbitration awards as irrelevant. *Cornet v. Twitter, Inc.*, 2025 WL 1158350, at *2 (D. Del. Apr. 18, 2025).

This Court should do the same here. The Confidential Awards are irrelevant to whether Plaintiffs satisfy Rule 23's class certification requirements, which is the only issue before the Court. And Plaintiffs gained possession of the Confidential Awards only because their lawyer breached the confidentiality of those third-party arbitrations by disclosing the Confidential Awards to

---

[1] *See also In re IBM Arbitration Agreement Litig.*, 76 F.4th 74 (2d Cir. 2023); *Chandler v. IBM Corp.*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023); *Lodi v. IBM Corp.*, 2023 WL 4983125 (2d Cir. Aug. 4, 2023); *Tavenner v. IBM Corp.*, 2023 WL 4984758 (2d Cir. Aug. 4, 2023).

Plaintiffs. The Court should strike the Confidential Awards and admonish Plaintiffs' Counsel to stop misusing the federal judiciary's docket as a vehicle for confidentiality laundering.

## II.  BACKGROUND

On December 7, 2022, Plaintiffs, two former X Corp. employees represented by Lichten & Liss-Riordan, P.C. ("Plaintiffs' Counsel"), filed a putative class action complaint alleging that X Corp. discriminated against them and other female employees when it implemented a reduction in force on November 4, 2022 (the "RIF").[2] ECF 87 at 9-10. Around that same time, Plaintiffs' Counsel filed arbitration claims on behalf of a large number of other former X Corp. employees challenging their terminations under the RIF. ECF 106 at 2 n.1. The arbitrations were brought pursuant to a Dispute Resolution Agreement ("DRA") between X Corp. and the claimants in which the parties mutually agreed to submit certain disputes to binding arbitration "on an individual basis only." Gilbert Decl. ¶¶ 3-7; Ex. A at 1-2; Ex. B at 1-2. The DRA provides that, "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, ***neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder*** without the prior written consent of all parties." Ex. A at 3 (emphasis added); Ex. B at 3 (emphasis added). Although X Corp. and Plaintiffs' Counsel entered into a discovery agreement permitting one another to use "***evidence*** produced in . . . [the] arbitration[s]" in other matters between Defendants and Plaintiffs' Counsel's clients, the parties never agreed to waive the confidentiality of the arbitration ***awards*** themselves. ECF 97 at 11 (emphasis added).

Nonetheless, on April 25, 2025, Plaintiffs submitted a Motion for Class Certification that attaches as exhibits five confidential arbitration awards, obtained by Plaintiffs' Counsel in connection with their representation of individual claimants in unrelated arbitrations. ECF 108-18; ECF 108-19; ECF 108-20; ECF 108-21; ECF 108-22. Plaintiffs contend the Confidential Awards support their bid to certify a class because the arbitrators' rationales purportedly are "equally applicable" to putative class members. ECF 106 at 2 n. 1.

---

[2] The Court twice dismissed Plaintiffs' claims with leave to amend. ECF 38; ECF 86 Accordingly, the operative complaint is Plaintiffs' Third Amended Complaint, which was filed on September 16, 2024. ECF 87.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

2

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

1    Recognizing that the arbitration awards are subject to the confidentiality provision of the DRA, Plaintiffs filed the Confidential Awards and portions of their brief conditionally under seal. ECF 108 at 2. However, Plaintiffs take the position that the documents should not remain under seal because, according to Plaintiffs, they are "judicial documents" once "the awards and the evidence submitted in them are used to support matters in court." *Id.* In other words, Plaintiffs contend that they can nullify the confidentiality of third-party arbitration awards through the expedient of their lawyer improperly disclosing the awards to Plaintiffs and then placing the awards on the Court's docket. This was precisely the tactic that the District of Delaware recently rejected, and this Court should do so as well.

## III.   LEGAL STANDARD

As the Supreme Court has long recognized, district courts enjoy "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin,* 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash Ry. Co.*, 370 U.S. 626, 630-31 (1962)). Among these powers are "the authority to manage its dockets and courtrooms with a view toward the efficient and expedient resolution of cases and the authority to correct that which has been wrongfully done by virtue of its process." *Cahill v. Insider, Inc.*, 131 F.4th 922, 938 (9th Cir. 2025) (internal citations and alterations omitted). To this end, district courts have the power to strike irrelevant or otherwise improper filings from their docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403 (9th Cir. 2010). The exercise of these inherent powers is entrusted to the Court's discretion. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005).

## IV.   ARGUMENT

### A.   The Confidential Awards Are Irrelevant to Plaintiffs' Motion.

Courts routinely use their inherent control over their dockets to strike filings where, as here, the filings are irrelevant to the issues before the court. *See, e.g., In re Bofi Holdings, Inc. Sec. Litig.*, 2021 WL 5579222, at *4 (S.D. Cal. Nov. 30, 2021) (striking "superfluous exhibits" attached to a motion and warning "the Court will not abide either party using this rule as a pretext to file extraneous information on the public docket" and "[d]ocuments that are not germane to a dispute

will be stricken"); *Jones v. Riot Hospitality Grp., LLC*, 2020 WL 13606962, at *2 (D. Ariz. Nov. 9, 2020) (striking portions of a declaration that were "not relevant" and "unrelated to . . . the conflict before the Court"); *Garcia v. Serv. Employees Int'l Union*, 2019 WL 8750273, at *1 (D. Nev. May 23, 2019) (striking "documents that were filed on the docket but had no bearing on the issues at hand"). Despite Plaintiffs' attempts to shoehorn the Confidential Awards into their class certification argument, the awards have no relevance to the Rule 23 analysis and serve only to distract from the merits.

Plaintiffs purport to offer the Confidential Awards to support their commonality argument. But what matters under Rule 23 is whether the record evidence satisfies Plaintiffs' burden at class certification, and Plaintiffs do not offer the awards as evidence of anything—let alone evidence that informs the Rule 23 inquiry. Rather they cite the awards for their "reasoning." ECF 106 at 2 n.1; *id* at 10:9-12, 14:2-4. Plaintiffs contend the Court may find the arbitrators' reasoning "enlightening" because, according to Plaintiffs, the reasoning is "equally applicable" or "generally applicable" to putative class members. ECF 106 at 2 n.1. Nonsense.

As an initial matter, there is no need for the Court to rely on the arbitrators' "reasoning" whatsoever because X Corp. and the clients of Plaintiffs' Counsel—including Plaintiffs here—have agreed that they may use ***evidence*** across all arbitrations and cases. *See* ECF 97 at 11. Plaintiffs thus are free to use any evidence ***underlying*** the Confidential Awards they wish, and, in fact, they support their Motion with evidence procured in the arbitrations. The Court is more than capable of interpreting the evidence itself, without the need for an arbitrator's gloss on it from an unrelated non-class arbitral proceeding.

Regardless, "what a factfinder has done in an entirely, separate, non-judicial action says nothing about the legal sufficiency" of Plaintiffs' demonstration of commonality. *Cornet*, 2025 WL 1158350, at *1 (striking confidential arbitration awards because they were irrelevant and unhelpful in resolving the pending motion). Arbitrators issued the Confidential Awards—which involve single-plaintiff arbitrations that do not touch upon Rule 23 considerations—pursuant to a contractual process whereby the parties agreed to informally resolve their individual disputes without the evidentiary safeguards or meaningful appellate review that apply in federal court. *See*

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011) (recognizing that the "[i]nformal procedures" that apply in arbitration "make[] it more likely that errors will go uncorrected," and therefore may be "poorly suited to the higher stakes of class litigation"). The arbitrators' informal decisions do nothing to "improve or alter [the Court's] understanding of the case or the applicable law[.]" *Cornet*, 2025 WL 1158350, at *1. They are, at best, a distraction that threatens to embroil the Court in tangential disputes over the confidentiality of the awards and pointless disputes about the substance of arbitrators' "reasoning." Indeed, were the Court to admit the awards in question, it would mean Defendants could introduce other awards reaching diametrically opposite conclusions, and both sides would be incentivized to continue to introduce new awards every time one is issued in their favor—an unnecessary sideshow. The Court should therefore strike the Confidential Awards from the record so that the Parties and the Court may remain focused on the "efficient and expedient resolution" of the Motion. *Dietz*, 579 U.S. at 47.

### B.     Plaintiffs' Submissions Violate the Confidentiality Provisions of the DRA.

Plaintiffs had no right to obtain the Confidential Awards, much less place them on the Court's docket. Plaintiffs did not obtain the Confidential Awards through the normal discovery process, but rather through their counsel, who wrongfully provided them to Plaintiffs for use in this case. As stated, nothing in the parties' discovery stipulation regarding use of **evidence** across proceedings permits disclosure or use of Confidential Awards, which the DRA also bars (except under circumstances absent here).

Where, as here, "a party wrongfully obtains documents outside of the normal discovery process," courts have not hesitated to exercise their inherent powers to preclude use of the ill-gotten documents. *Lynn v. Gateway Unified Sch. Dist.*, 2011 WL 6260362, at *5 (E.D. Cal. Dec. 15, 2011) (precluding plaintiff who took confidential emails from his former employer from using the emails as evidence); *see also Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 324, 326 (S.D.N.Y. 1997) (exercising the court's "inherent authority to sanction a party who attempts to use in litigation material improperly obtained outside the discovery process" to prevent a plaintiff from using confidential documents taken from his employer's computer); *In re Shell Oil Refinery*, 143 F.R.D. 105, 107 (E.D. La. 1992) (precluding plaintiff from making use of documents obtained by one of

defendant's employees in violation of a confidentiality agreement). After all, "'members of the bar and public' should not be required to endure 'the nagging suspicion that parties' trial preparation and presentation of their case have benefited from confidential information obtained' outside proper channels." *Burt Hill, Inc. v. Hassan*, 2010 WL 419433, at *8 (W.D. Pa. Jan. 29, 2010) (quoting *Richards v. Jain*, 168 F. Supp. 2d 1195, 1209 (W.D. Wash. 2001)) (internal alterations removed) (precluding review or use of confidential documents obtained through an "anonymous source"). The fact that Plaintiffs' Counsel had the right to possess the Confidential Awards *in the specific matters in which they arose* does not permit Counsel to share them improperly with *other* parties in *other* matters, in violation of the DRA. The Court should not condone this misconduct.

Nor should the Court allow confidential documents to remain on its docket. The Court has the inherent "power to strike an improperly filed confidential document," and courts have exercised that authority to strike confidential arbitration documents. *Ready Transp., Inc.*, 627 F.3d at 403. For example, in *Clear Blue Insurance Co. v. Amigo MGA, LLC*, the court exercised its inherent authority to strike an arbitration deposition transcript based on its conclusion that the transcript was confidential under the terms of the parties' arbitration agreements. 2020 WL 7699846, at *2 (W.D.N.C. Dec. 28, 2020). Similarly, in *Radiant Systems, Inc. v. American Scheduling, Inc.*, the court struck a confidential arbitration brief after finding that the brief's submission violated the arbitration parties' confidentiality agreement. 2005 WL 1586566, at *3 (N.D. Tex. July 1, 2005), *vacated in part on other grounds*, 2005 WL 2105953 (N.D. Tex. Aug. 31, 2005). *Cf. Travelers Prop. Cas. Co. of Am. v. Bobrick Washroom Equipment, Inc.*, 2021 WL 6072707, at *5 (M.D. Pa. Dec. 23, 2021) (granting motion to strike references to confidential arbitration proceedings under Federal Rule of Civil Procedure 37(b)(2) based on the conclusion that the proceedings were subject to a binding confidentiality agreement).

The same result is warranted here. The Awards are confidential under the terms of the DRA, which prohibits any disclosure unless it is either "permitted or required by law" or consented to in writing. Ex. A at 3; Ex. B at 3. Neither exception applies here.

As an initial matter, Plaintiffs neither assert nor provide any evidence that the claimants in the underlying arbitrations agreed to waive their contractual right to confidentiality. Indeed,

1   Plaintiffs' request to redact the arbitration claimants' names and identifying information indicates
2   that the claimants still wish to benefit from the DRA's confidentiality protections. But even if the
3   arbitration claimants agreed to disclosure, X Corp. did not. X Corp. has never consented to waive
4   the bargained-for right to confidentiality that it relied on when entering into the DRA and obtaining
5   awards from individual arbitrators, and does not consent now.

6      Nor is there any basis in law to permit disclosure of the Confidential Awards. Because
7   arbitration is fundamentally "a matter of contract," courts must "rigorously enforce" arbitration
8   agreements according to their terms—including terms requiring confidentiality. *Am. Express Co.*
9   *v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see also Zitan Techs., LLC v. Liang Yu,* 2021 WL
10  3024284, at n.2 (D. Nev. July 16, 2021) (maintaining arbitration documents under seal where "their
11  confidentiality agreement notes any arbitration award would remain confidential"); *Simon v. Maple*
12  *Beach Ventures LLC*, 2021 WL 1822958, at *2 (N.D. Cal. March 12, 2021) (recognizing that, where
13  "the parties chose arbitration as a dispute resolution mechanism precisely because they wanted the
14  terms and conditions of their agreements, as well as facts and circumstances related to any disputes,
15  to be kept confidential," permitting the awards to be made public "would undermine the parties'
16  decision to choose arbitration as a method of dispute resolution"). Indeed, "confidentiality is a
17  paradigmatic aspect of arbitration" that should not be disregarded lightly. *Guyden v. Aetna, Inc.*,
18  544 F.3d 376, 385 (2d Cir. 2008). If arbitration claimants or their counsel were able to freely share
19  decisions for other litigants to use to their advantage, arbitration would lose its characteristic
20  "simplicity, informality, and expedition" because parties would insist on trial-like protections to
21  safeguard against the detrimental use of arbitration decisions in other actions. *Iberia Credit Bureau,*
22  *Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 175-76 (5th Cir. 2004) ("If every arbitration were
23  required to produce a publicly available, 'precedential' decision on par with a judicial decision, one
24  would expect that parties contemplating arbitration would demand discovery similar to that
25  permitted under Rule 26, adherence to formal rules of evidence, more extensive appellate review,
26  and so forth[.]"). Accordingly, there is an "important policy interest . . . in protecting the
27  expectations of confidentiality belonging to parties who have chosen an alternative means of
28  dispute resolution." *See Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

WL 1522783, at *3 (E.D.N.Y. June 28, 2005); *see also In re IBM Arbitration Agreement Litig.*, 76 F.4th at 86 (recognizing "the FAA's strong policy protecting the confidentiality of arbitral proceedings").

For this reason, courts have condemned, rather than permitted, similar attempts by counsel to leverage confidential arbitration awards obtained on behalf of other clients. For example, in *ITT Educational Services, Inc. v. Arce*, the Fifth Circuit affirmed a preliminary injunction enjoining a plaintiff's attorney from using confidential arbitration awards obtained on behalf of her other clients as evidence in a separate proceeding. 533 F.3d 342, 343-44 (5th Cir. 2008). The Fifth Circuit found no reason to allow the plaintiff's attorney to disregard the confidentiality provision in the underlying arbitration agreement and concluded that the arbitration defendant would suffer "irreparable harm" from the breach of this confidentiality provision. *Id.* at 347-48. Similarly, in *Stafford v. IBM Corp.*, the Second Circuit criticized Plaintiffs' Counsel's attempts to make confidential arbitration awards available to other plaintiffs, noting that it was nothing more than an "improper effort" to "evade the confidentiality provision to which [the claimant] agreed in [the] arbitration agreement." 78 F.4th at 66, 71. Accordingly, the law neither permits nor requires Plaintiffs to file confidential arbitration awards obtained through Plaintiffs' Counsel's other clients simply because they believe doing so would confer a strategic benefit.

The Court should not reward Plaintiffs' Counsel's wrongful disclosure and use of Confidential Awards prohibited by the DRA (and not authorized by the parties' discovery stipulation), nor should it allow its docket to be implicated in the breach of the DRA. The offending filings must be stricken from the record.

C. **Plaintiffs' Submissions Are a Pretextual Attempt to Nullify the Confidentiality of the Awards.**

Plaintiffs' putative basis for filing the awards is pretextual. Plaintiffs' counsel has a long history of inappropriately filing confidential arbitration awards on a court's docket with the goal of transforming the awards into "judicial documents" subject to the common law presumption of access. These improper tactics have been the subject of condemnation in *six* Second Circuit

opinions, as well as a recent district order from the District of Delaware. *See Billie*, 2024 WL 4380618, at *1; *Stafford*, 78 F.4th at 70; *In re IBM Arbitration Agreement Litig.*, 76 F.4th at 86; *Chandler*, 2023 WL 4987407, at *1; *Lodi*, 2023 WL 4983125 at *1; *Tavenner*, 2023 WL 4984758, at *1; *Cornet*, 2025 WL 1158350, at *2.

For example, in *In re IBM Arbitration Agreement Litigation,* Plaintiffs' Counsel submitted a motion for summary judgment that included several confidential arbitration documents obtained through Plaintiffs' Counsel's representation of other clients. 76 F.4th at 78. Despite initially filing the documents under seal, Plaintiffs' Counsel moved to unseal the filings pursuant to the common law right of access applicable to judicial records, arguing that the arbitration documents should be made public so that they could be used in other litigation. *Id.* at 85. In upholding the district court's decision to keep the confidential documents under seal, the Second Circuit criticized Plaintiffs' Counsel's improper attempt to "create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings." *Id.* at 86. As the court noted, "Plaintiffs' counsel may not end-run the Confidentiality Provision by filing protected materials" on the court's docket. *Id.*; *see also Chandler*, 2023 WL 4987407 at *1 (adopting and incorporating the reasoning in *In re IBM Arbitration Agreement Litig.*); *Lodi*, 2023 WL 4983125, at *1 (same); *Tavenner*, 2023 WL 4984758, at *1 (same).

Similarly, in *Stafford*, Plaintiffs' Counsel sought to confirm and unseal a confidential arbitration award, even after the award was satisfied. 78 F.4th at 66. The Second Circuit criticized Plaintiffs' Counsel's "improper effort to evade the confidentiality provision of the [arbitration] Agreement," and refused to reward such impropriety by making the award public. *Id.* at 66, 71. Plaintiffs' Counsel nonetheless employed these same tactics yet again in *Billie*, filing a confidential arbitration award that had already been satisfied alongside a petition to confirm the award. 2024 WL 4380618, at *1. The Second Circuit again emphasized that "counsel's intention to use the

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

9

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

arbitration award (if unsealed) in the litigation of similar claims against the defendant in lawsuits by other plaintiff-employees was an improper effort to evade the [arbitration agreement's] confidentiality provision" that should be prevented. *Id.* at *3.

Undeterred, Plaintiffs' Counsel continued their campaign to transform confidential arbitration awards into public records in *Cornet*, a putative class action pending in the District of Delaware concerning the same RIF that is at issue here. In that case, Plaintiffs' Counsel filed under seal several arbitration awards issued against X Corp. in unrelated arbitrations, despite the fact that the awards were confidential under the same DRA at issue here. 2025 WL 1158350, at *1. The district court found that the filings were entirely irrelevant and exercised its inherent power to strike the filings from the docket. *Id.* The court went on to note that it was "concerned" by the "trend" revealed in the Second Circuit's opinions "in which Plaintiffs' counsel has repeatedly attempted to docket and unseal arbitration awards" in order to make them public. *Id.* at *2. The court found it was immaterial that Plaintiffs had not yet moved to unseal the materials, noting that "the end result is the same." *Id.* That is, regardless of whether Plaintiffs themselves sought to unseal the confidential arbitration awards, the end result was that the awards would arguably become subject to the common law presumption of access and therefore at risk of becoming public. *Id.* The court rejected Plaintiffs' Counsel's improper efforts and ordered Plaintiffs to refrain from submitting any further confidential arbitration awards without leave of court. *Id.*

Despite repeated admonitions from various district and appellate courts, including with respect to arbitrations concerning the same RIF at issue here, Plaintiffs' Counsel persists. The pattern is too clear to ignore. Plaintiffs' Counsel has a documented history of using the court's docket for their own gain, filing confidential arbitration awards for no other purpose than to turn around and make them public under the common law right of access. And this case is no different. Indeed, Plaintiffs Counsel asserted **in their own motion to seal** that the arbitration awards became

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STRIKE
CASE NO. 4:22-CV-07739-JST

judicial documents the moment Plaintiffs filed them on the docket, and therefore should be made public (except, of course, for the information that **Plaintiffs** wish to keep confidential). ECF 108 at 2.

The Court need not allow its docket to be used as a platform for Plaintiffs' Counsel's improper attempts to "launder [the arbitration awards'] confidentiality through litigation." *Stafford*, 78 F.4th at 66. The Court can, and should, exercise its inherent authority to "correct that which has been wrongfully done by virtue of its process" by striking the improper filings. *Cahill*, 131 F.4th at 939 (quoting *Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*, 249 U.S. 134, 146 (1919)).

## V.   CONCLUSION

For the foregoing reasons, X Corp. respectfully requests that this Court strike the confidential arbitration awards submitted in support of Plaintiffs' Motion for Class Certification (ECF 108-18 through 108-22) and any references to the confidential awards.

Dated: May 5, 2025                                   MORGAN, LEWIS & BOCKIUS LLP

By   /s/ *Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry

*Attorneys for Defendants*